Theodore Stevenson III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
MCKOOL SMITH, P.C.
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Pierre Hubert
Texas State Bar No. 24002317
phubert@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

Michael D. Rounds
Nevada Bar No. 4734
mrounds@watsonrounds.com
Adam K. Yowell
Nevada Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511-2083
Telephone: (775) 324-4100
Fax: (775) 333-8171

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA
### RENO DIVISION

| | |
|---|---|
| UNWIRED PLANET LLC, a Nevada limited liability company, | CIVIL ACTION NO. |
| | 3:12-cv-505-RCJ-VPC |
| Plaintiff, | |
| v. | PLAINTIFF'S REPLY TO APPLE INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIM |
| APPLE INC., a California corporation, | |
| Defendant. | (JURY DEMAND) |

-1-

Plaintiff Unwired Planet LLC ("Unwired Planet" and/or "Plaintiff") respectfully replies to the defenses and counterclaims set forth in Defendant Apple Inc.'s ("Apple") Answer to Complaint for Patent Infringement, Affirmative and Other Defenses, and Counterclaim (Dkt. 2, hereinafter "Answer and Counterclaims").

<b><u>AFFIRMATIVE AND OTHER DEFENSES</u></b>

The introductory paragraph to the "AFFIRMATIVE AND OTHER DEFENSES" section of Apple's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial.  To the extent any response is warranted, Unwired Planet responds as follows: denied.

<b>FIRST DEFENSE — INVALIDITY</b>

1.      Unwired Planet denies the allegations in paragraph 1 of Apple's Answer and Counterclaims.

<b>SECOND DEFENSE — NONFRINGEMENT</b>

2.      Unwired Planet denies the allegations in paragraph 2 of Apple's Answer and Counterclaims.

<b>THIRD DEFENSE — LACHES/ESTOPPEL/WAIVER</b>

3.      Unwired Planet denies the allegations in paragraph 3 of Apple's Answer and Counterclaims.

<b>FOURTH DEFENSE — LIMITATION OF DAMAGES</b>

4.      Unwired Planet denies the allegations in paragraph 4 of Apple's Answer and Counterclaims.

<b>FIFTH DEFENSE — NO NOTICE</b>

5.      Unwired Planet denies the allegations in paragraph 5 of Apple's Answer and Counterclaims.

<b>SIXTH DEFENSE — LICENSE/PATENT EXHAUSTION</b>

6.      Unwired Planet denies the allegations in paragraph 6 of Apple's Answer and Counterclaims.

<b>SEVENTH DEFENSE — COSTS BARRED</b>

7.      Unwired Planet denies the allegations in paragraph 7 of Apple's Answer and Counterclaims.

### EIGHTH DEFENSE — FAILURE TO STATE A CLAIM

8.      Unwired Planet denies the allegations in paragraph 8 of Apple's Answer and Counterclaims.

### NINTH DEFENSE — INEQUITABLE CONDUCT

9.      Unwired Planet denies the allegations in paragraph 9 of Apple's Answer and Counterclaims.

### U.S. Patent No. 7,299,033

10.     Unwired Planet denies the allegations in paragraph 10 of Apple's Answer and Counterclaims.

11.     Unwired Planet admits that U.S. Patent No. 7,299,033 (the "'033 Patent") was filed as application number 10/601,022 on or about June 19, 2003.  Unwired Planet further admits that, according to the '033 Patent, the following provisional U.S. applications are related to the '033 Patent: 60/393,024 (filed on or about June 28, 2002), 60/392,383 (filed on or about June 28, 2002), 60/393,041 (filed on or about June 28, 2002), 60/392,999 (filed on or about June 28, 2002).  Except as so admitted, Unwired Planet denies the allegations in paragraph 11 of Apple's Answer and Counterclaims.

12.     Unwired Planet admits that claims 1, 17, 20, and 27 of the '033 Patent recite, in part, "plurality of domains," and "each of the domains having assigned thereto to a particular set of digital products designed for use in wireless communication devices that are accessible to the wireless services subscribers in that domain."  Except as so admitted, Unwired Planet denies the allegations in paragraph 12 of Apple's Answer and Counterclaims.

13.     Unwired Planet admits that, one of its predecessors, Openwave Systems Inc. acquired assets of Ellipsus Systems, Inc. ("Ellipsus") before filing application number 10/601,022, which issued as the '033 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 13 of Apple's Answer and Counterclaims.

14.     Unwired Planet admits that Rikard M. Kjellberg is listed as an inventor of the '033 Patent. Unwired Planet also admits that Rikard Kjellberg was a cofounder of Ellipsus. Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 14 of Apple's Answer and Counterclaims and, on that basis, denies them.

15.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 15 of Apple's Answer and Counterclaims and, on that basis, denies them.

16.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 16 of Apple's Answer and Counterclaims and, on that basis, denies them.

17.     Unwired Planet admits that the following "Other Publication" is listed on the face of the '033 Patent as a cited reference: "Ellipsus White Paper—InfiniteMAP, Ellipsus' Mobile Application Provisioning System, 2 cover pages, pp. 1-9, and 1 post page, appears to be a web page, dated Feb. 12, 2001." Unwired Planet admits that purported documents attached as Exhibits 1, 2, and 4 lack any indicia of a date, and Unwired Planet therefore lacks information to admit or deny facts related to the authenticity of the purported documents attached as Exhibits 1, 2, and 4. Except as so admitted, Unwired Planet denies the allegations in paragraph 17 of Apple's Answer and Counterclaims.

18.     Unwired Planet admits in a June 28, 2005 correspondence in the file history of the '033 Patent, the Examiner stated "Claims 1-6, 9-10, 14-19, and 23-30 are rejected under 35 U.S.C. 102(b)." Except as so admitted, Unwired Planet denies the allegations in paragraph 18 of Apple's Answer and Counterclaims.

19.     Unwired Planet admits in a June 28, 2005 correspondence in the file history of the '033 Patent, the Examiner stated "it is inherent that there would be multiple domains based on different subset of a plurality of wireless services subscribers." Except as so admitted, Unwired Planet denies the allegations in paragraph 19 of Apple's Answer and Counterclaims.

20.     Unwired Planet admits that in a June 28, 2005 correspondence in the file history of the '033 Patent, the Examiner stated "In view of the inability of the Examiner to obtain any additional Ellipsus information, as the company has been acquired by the current assignee, Openwave Systems Inc., the Examiner is requesting any additional information that Applicants

-4-

may have access to that would be material to the examination of this applications."  Except as so admitted, Unwired Planet denies the allegations in paragraph 20 of Apple's Answer and Counterclaims.

21.     Unwired Planet admits that in a September 30, 2005 correspondence in the file history of the '033 Patent, applicants stated "Applicants acknowledge the Examiner's Request for Additional Information.  Applicants are not aware of any other information that may be material to the examination of this application, other than the materials which have already been cited and the materials which are being cited concurrently with the filing of this amendment."  Except as so admitted, Unwired Planet denies the allegations in paragraph 21 of Apple's Answer and Counterclaims.

22.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 22 of Apple's Answer and Counterclaims and, on that basis, denies them.

23.     Unwired Planet admits that in a December 20, 2005 correspondence in the file history of the '033 Patent, the Examiner stated "Claims 14-19 are rejected under 35 U.S.C. 102(b)," "Claims 1, 5-6, 9-10, 23-30 are rejected under 35 U.S.C. 103(a)," and "Claims 7-8, 11-13, and 20-22 are rejected under 35 U.S.C. 103(a)."  Unwired Planet further admits that in a May 5, 2006 correspondence in the file history of the '033 Patent, the Examiner stated "Claims 14-19 are rejected under 35 U.S.C. 102(b)," "Claims 1, 5-6, 9-10, 23-30 are rejected under 35 U.S.C. 103(a)," and "Claims 7-8, 11-13, and 20-22 are rejected under 35 U.S.C. 103(a)."  Except as so admitted, Unwired Planet denies the allegations in paragraph 23 of Apple's Answer and Counterclaims.

24.     Unwired Planet admits that in an October 10, 2006 correspondence in the file history of the '033 Patent, applicants stated "Applicants respectfully maintain all of their previously submitted arguments regarding the prior art rejections."  Except as so admitted, Unwired Planet denies the allegations in paragraph 24 of Apple's Answer and Counterclaims.

25.     Unwired Planet admits that the following quotation is excerpted from the document purported attached as Exhibit 1 to Apple's Answer and Counterclaims:  "positioned in the enterprise information technology (IT) infrastructure between the content server and the

-5-

wireless network, and links end users with the content. The content can be delivered to the largest possible user population, since infiniteMASS provides the bridge between the multitude of mobile devices and a content source, such as an enterprise portal or e-commerce server. This is possible since infiniteMASS supports both the content formatting and wireless communication protocol functionality, providing a number of 'distribution channels' between a content source and users." Except as so admitted, Unwired Planet denies the allegations in paragraph 25 of Apple's Answer and Counterclaims.

26.     Unwired Planet denies the allegations in paragraph 26 of Apple's Answer and Counterclaims.

27.     Unwired Planet denies the allegations in paragraph 27 of Apple's Answer and Counterclaims.

28.     Unwired Planet denies the allegations in paragraph 28 of Apple's Answer and Counterclaims.

29.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 29 of Apple's Answer and Counterclaims and, on that basis, denies them.

30.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 30 of Apple's Answer and Counterclaims and, on that basis, denies them.

31.     Unwired Planet denies the allegations in paragraph 31 of Apple's Answer and Counterclaims.

**U.S. Patent No. 7,233,790**

32.     Unwired Planet denies the allegations in paragraph 32 of Apple's Answer and Counterclaims.

33.     Unwired Planet admits that U.S. Patent No. 7,233,790 (the "'790 Patent") was filed as application number 10/600,746 on or about June 19, 2003.  Unwired Planet further admits that, according to the '790 Patent, the following provisional U.S. applications are related to the '790 Patent: 60/393,024 (filed on or about June 28, 2002), 60/392,383 (filed on or about June 28, 2002), 60/393,041 (filed on or about June 28, 2002), 60/392,999 (filed on or about June 28,

2002).  Except as so admitted, Unwired Planet denies the allegations in paragraph 33 of Apple's Answer and Counterclaims.

34.     Unwired Planet admits that claims 1 and 8 of the '790 Patent recite, in part, "receiving a plurality of different implementations of at least one of the items of content, where each implementation of any given item of content corresponds to a different set of device capabilities."  Except as so admitted, Unwired Planet denies the allegations in paragraph 34 of Apple's Answer and Counterclaims.

35.     Unwired Planet admits that, one of its predecessors, Openwave Systems Inc. acquired assets of Ellipsus Systems, Inc. ("Ellipsus") before filing application number 10/600,746, which issued as the '790 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 35 of Apple's Answer and Counterclaims.

36.     Unwired Planet lacks knowledge or information as to when or if any of the purported documents attached as Exhibits 1–3 were published, and, on that basis, denies that any of the purported documents attached as Exhibits 1–3 were published before June 28, 2001. Unwired Planet also admits that purported documents attached as Exhibits 1, 2, and 3 lack any indicia of a date, and Unwired Planet therefore lacks information to admit or deny facts related to the authenticity of the purported documents attached as Exhibits 1, 2, and 3.  Except as so admitted, Unwired Planet denies the allegations in paragraph 36 of Apple's Answer and Counterclaims.

37.     Unwired Planet admits that the '790 Patent lists more than 35 "U.S. Patent Documents," "Foreign Patent Documents," and "Other Publications" on the face of the '790 Patent.  Unwired Planet also admits that none of the purported documents found in Exhibits 1–3 are found on the face of the '790 Patent or on the face of any Information Disclosure Statement submitted by applicant during the prosecution history of the '685 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 37 of Apple's Answer and Counterclaims.

38.     The allegations in paragraph 38 of Apple's Answer and Counterclaims contain statements and/or conclusions of law which do not warrant an affirmance or denial.  To the extent a response is required, Unwired Planet answers as follows: denied.

39.     Unwired Planet denies the allegations in paragraph 39 of Apple's Answer and Counterclaims.

40.     Unwired Planet denies the allegations in paragraph 40 of Apple's Answer and Counterclaims.

41.     Unwired Planet denies the allegations in paragraph 41 of Apple's Answer and Counterclaims.

42.     Unwired Planet denies the allegations in paragraph 42 of Apple's Answer and Counterclaims.

43.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 43 of Apple's Answer and Counterclaims and, on that basis, denies them.

44.     Unwired Planet admits that Rikard Kjellberg was a cofounder of Ellipsus. Unwired Planet also admits that purported documents attached as Exhibits 1 and 2 lack any indicia of an author, and Unwired Planet therefore lacks information to admit or deny facts related to the authorship of the purported documents attached as Exhibits 1 and 2.  Except as so admitted, Unwired Planet denies the allegations in paragraph 44 of Apple's Answer and Counterclaims.

45.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 45 of Apple's Answer and Counterclaims and, on that basis, denies them.

46.     Unwired Planet denies the allegations in paragraph 46 of Apple's Answer and Counterclaims.

47.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 47 of Apple's Answer and Counterclaims and, on that basis, denies them.

48.     Unwired Planet denies the allegations in paragraph 48 of Apple's Answer and Counterclaims.

49.     Unwired Planet denies the allegations in paragraph 49 of Apple's Answer and Counterclaims.

**U.S. Patent No. 7,020,685**

50.     Unwired Planet denies the allegations in paragraph 50 of Apple's Answer and Counterclaims.

51.     Unwired Planet admits that U.S. Patent No. 7,020,685 (the "'685 Patent") was filed as application number 09/640,902 on or about August 16, 2000.  Unwired Planet further admits that, according to the '685 Patent, the following provisional U.S. application is related to the '685 Patent: 60/158,694 (filed on or about October 8, 1999).  Except as so admitted, Unwired Planet denies the allegations in paragraph 51 of Apple's Answer and Counterclaims.

*UP.Link and PocketNet*

52.     Unwired Planet admits that it had offered for sale and put into public use various software products more than one year before provisional application 60/158,694 was filed.  Except as so admitted, Unwired Planet denies the allegations in paragraph 52 of Apple's Answer and Counterclaims.

53.     Unwired Planet lacks knowledge or information as to when or if any of the purported documents attached as Exhibits 5–11 were published, and, on that basis, denies that any of the purported documents attached as Exhibits 5–11 were published before October 8, 1998.  Unwired Planet also admits that the purported document attached as Exhibit 5 recites "July 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 5.  Unwired Planet admits that the purported document attached as Exhibit 6 recites "August 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 6.  Unwired Planet admits that the purported document attached as Exhibit 7 recites "July 15, 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 7.  Unwired Planet admits that the purported document attached as Exhibit 8 lacks any indicia of a date, and Unwired Planet therefore lacks information to admit or deny facts related to the authenticity of the purported document attached as Exhibit 8.  Unwired Planet admits that the purported document attached as Exhibit 9 recites "July 11, 1996" on the first page of the purported document attached as Exhibit 9.  Unwired Planet admits that the purported document attached as Exhibit 10 recites "August 1996" on the bottom left corner of the first page of the

1    purported document attached as Exhibit 10.  Unwired Planet admits that the purported document

2    attached as Exhibit 11 recites "10/11/96" on the bottom the page marked "iii" of the purported

3    document attached as Exhibit 11.  Except as so admitted, Unwired Planet denies the allegations in

4    paragraph 53 of Apple's Answer and Counterclaims.

5          54.    Unwired Planet admits that the '685 Patent lists more than 15 "U.S. Patent

6    Documents," "Foreign Patent Documents," and "Other Publications" on the face of the '685

7    Patent.  Unwired Planet also admits that none of the purported documents found in Exhibits 5–11

8    are found on the face of the '685 Patent or on the face of any Information Disclosure Statement

9    submitted by applicant during the prosecution history of the '685 Patent.  Except as so admitted,

10   Unwired Planet denies the allegations in paragraph 54 of Apple's Answer and Counterclaims.

11         55.    The allegations in paragraph 55 of Apple's Answer and Counterclaims contain

12   statements and/or conclusions of law which do not warrant an affirmance or denial.  To the extent

13   a response is required, Unwired Planet answers as follows: denied.

14         56.    Unwired Planet denies the allegations in paragraph 56 of Apple's Answer and

15   Counterclaims.

16         57.    Unwired Planet denies the allegations in paragraph 57 of Apple's Answer and

17   Counterclaims.

18         58.    Unwired Planet denies the allegations in paragraph 58 of Apple's Answer and

19   Counterclaims.

20         59.    Unwired Planet denies the allegations in paragraph 59 of Apple's Answer and

21   Counterclaims.

22         60.    Unwired Planet lacks knowledge or information as to the allegations in paragraph

23   60 of Apple's Answer and Counterclaims and, on that basis, denies them.

24         61.    Unwired Planet admits that David A. Chen was employed by Unwired Planet

25   (and/or its predecessors) from May 1998 to April 2005.  Except as so admitted, Unwired Planet

26   lacks knowledge or information as to the allegations in paragraph 61 of Apple's Answer and

27   Counterclaims and, on that basis, denies them.

28

-10-

62.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 62 of Apple's Answer and Counterclaims and, on that basis, denies them.

63.     Unwired Planet admits that Jordan Becker prosecuted one or more patents for Unwired Planet and its predecessors, including application number 09/640,902 which issued as the '685 Patent.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 63 of Apple's Answer and Counterclaims and, on that basis, denies them.

64.     Unwired Planet admits that U.S Patent. 6,742,127 (the "'127 Patent") lists "Blakely, Sokoloff, Taylor & Zafman LLP" as "Attorney, Agent, or Firm" on its face.  Unwired Planet further admits that the '127 Patent issued to Openwave Systems Inc., a predecessor of Unwired Planet, on May 25, 2004.  Unwired Planet also admits that the '685 Patent issued on March 28, 2006.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 64 of Apple's Answer and Counterclaims and, on that basis, denies them.

65.     Unwired Planet admits that U.S Patent. 6,665,711 (the "'711 Patent") lists "Blakely, Sokoloff, Taylor & Zafman LLP" as "Attorney, Agent, or Firm" on its face.  Unwired Planet further admits that the '711 Patent issued to Openwave Systems Inc., a predecessor of Unwired Planet, on December 16, 2003.  Unwired Planet also admits that the '685 Patent issued on March 28, 2006.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 65 of Apple's Answer and Counterclaims and, on that basis, denies them.

66.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 66 of Apple's Answer and Counterclaims and, on that basis, denies them.

67.     Unwired Planet admits that in a November 14, 2003 correspondence in the file history of the '685 Patent, the Examiner stated "Claims 1, 9, 13-19, and 46 are rejected under 35 U.S.C. 102(e)," "Claims 2-5, 8, 10-12, 20 are rejected under 35 U.S.C. 103(a)," "Claims 21, 23, 33-34, 38-40, 42, 47, 51-53 are rejected under 35 U.S.C. 103(a)," "Claims 22, 24, 32, 35-37, 41, 48-50, are rejected under 35 U.S.C. 103(a)," "Claims 6-7, 25-30, 43, 45, 54-55 are rejected under 35 U.S.C. 103(a)," and "Claim 44 is rejected under 35 U.S.C. 103(a)."  Unwired Planet further admits that in an April 26, 2004 correspondence in the file history of the '685 Patent, the

-11-

Examiner stated "Claims 1, 9, and 46 are rejected under 35 U.S.C. 102(e)," "Claims 2-5, 8, and 10-12, are rejected under 35 U.S.C. 103(a)," "Claims 31, 33-34, 38-40, 42, 47, 51-53 are rejected under 35 U.S.C. 103(a)," "Claims 32, 35-37, 41, 48-50, are rejected under 35 U.S.C. 103(a)," "Claims 6-7, 25-30, 43, 45, 54-55 are rejected under 35 U.S.C. 103(a)," and "Claim 44 is rejected under 35 U.S.C. 103(a)."  Unwired Planet also admits that in a February 17, 2004 correspondence in the file history of the '685 Patent, applicant amended claims of the 09/640,902 application and responded to the Examiner's November 14, 2003 correspondence in the file history of the '685 Patent.  Unwired Planet also admits that in a June 17, 2004 correspondence in the file history of the '685 Patent, applicant responded to the Examiner's April 26, 2004 correspondence in the file history of the '685 Patent.  Unwired Planet further admits that in a July 29, 2004 correspondence in the file history of the '685 Patent, the Examiner stated "Claims 1, 3-12 and 25-55 are rejected under the judicially created doctrine of obviousness-type double patenting."  Unwired Planet admits that in an August 10, 2004 correspondence in the file history of the '685 Patent, applicant filed a "Terminal Disclaimer Under 37 C.F.R. § 1.321(c)."  Unwired Planet further admits that in an October 7, 2004 correspondence in the file history of the '685 Patent, the Examiner issued a "Notice of Allowance and Fee(s) Due."  Except as so admitted, Unwired Planet denies the allegations in paragraph 67 of Apple's Answer and Counterclaims.

68.     Unwired Planet denies the allegations in paragraph 68 of Apple's Answer and Counterclaims.

69.     The allegations in paragraph 69 of Apple's Answer and Counterclaims contain statements and/or conclusions of law which do not warrant an affirmance or denial.  To the extent a response is required, Unwired Planet answers as follows: denied.

70.     Unwired Planet denies the allegations in paragraph 70 of Apple's Answer and Counterclaims.

*U.S. Patent No. 6,094,587 ("Armanto")*

71.     The allegations in paragraph 71 of Apple's Answer and Counterclaims contain statements and/or conclusions of law which do not warrant an affirmance or denial.  To the extent a response is required, Unwired Planet answers as follows: denied.

-12-

McKool 843864v6

72.     Unwired Planet admits that U.S. Patent 6,094,587 ("Armanto" or the "'587 Patent") is entitled "Programming of a telephone's ringing tone" and includes 10 claims.  Except as so admitted, Unwired Planet denies the allegations in paragraph 72 of Apple's Answer and Counterclaims.

73.     Unwired Planet admits that the '685 Patent lists more than 15 "U.S. Patent Documents," "Foreign Patent Documents," and "Other Publications" on the face of the '685 Patent.  Unwired Planet also admits that the '587 Patent is not found on the face of the '685 Patent or on the face of any Information Disclosure Statement submitted by applicant during the prosecution history of the '685 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 73 of Apple's Answer and Counterclaims.

74.     Unwired Planet denies the allegations in paragraph 74 of Apple's Answer and Counterclaims.

75.     Unwired Planet denies the allegations in paragraph 75 of Apple's Answer and Counterclaims.

76.     Unwired Planet denies the allegations in paragraph 76 of Apple's Answer and Counterclaims.

77.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 77 of Apple's Answer and Counterclaims and, on that basis, denies them.

78.     Unwired Planet denies the allegations in paragraph 78 of Apple's Answer and Counterclaims.

79.     Unwired Planet admits that the '685 Patent lists more than 15 "U.S. Patent Documents," "Foreign Patent Documents," and "Other Publications" on the face of the '685 Patent.  Unwired Planet also admits that the '587 Patent is not found on the face of the '685 Patent or on the face of any Information Disclosure Statement submitted by applicant during the prosecution history of the '685 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 79 of Apple's Answer and Counterclaims.

80.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 80 of Apple's Answer and Counterclaims and, on that basis, denies them.

-13-

81.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 81 of Apple's Answer and Counterclaims and, on that basis, denies them.

82.     Unwired Planet denies the allegations in paragraph 82 of Apple's Answer and Counterclaims.

## U.S. Patent No. 6,647,260

83.     Unwired Planet denies the allegations in paragraph 83 of Apple's Answer and Counterclaims.

84.     Unwired Planet admits the allegations in paragraph 84 of Apple's Answer and Counterclaims.

*UP.Link and PocketNet*

85.     Unwired Planet admits that it had offered for sale and put into public use various software products more than one year before application number 09/289,559 was filed.  Except as so admitted, Unwired Planet denies the allegations in paragraph 85 of Apple's Answer and Counterclaims.

86.     Unwired Planet lacks knowledge or information as to when or if any of the purported documents attached as Exhibits 5–11 were published, and, on that basis, denies that any of the purported documents attached as Exhibits 5–11 were published before October 8, 1998. Unwired Planet also admits that the purported document attached as Exhibit 5 recites "July 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 5. Unwired Planet admits that the purported document attached as Exhibit 6 recites "August 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 6. Unwired Planet admits that the purported document attached as Exhibit 7 recites "July 15, 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 7. Unwired Planet admits that the purported document attached as Exhibit 8 lacks any indicia of a date, and Unwired Planet therefore lacks information to admit or deny facts related to the authenticity of the purported document attached as Exhibit 8.  Unwired Planet admits that the purported document attached as Exhibit 9 recites "July 11, 1996" on the first page of the purported document attached as Exhibit 9.  Unwired Planet admits that the purported document

-14-

attached as Exhibit 10 recites "August 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 10.  Unwired Planet admits that the purported document attached as Exhibit 11 recites "10/11/96" on the bottom the page marked "iii" of the purported document attached as Exhibit 11.  Except as so admitted, Unwired Planet denies the allegations in paragraph 86 of Apple's Answer and Counterclaims.

87.     Unwired Planet admits that the '260 Patent lists more than 40 "U.S. Patent Documents," "Foreign Patent Documents," and "Other Publications" on the face of the '260 Patent.  Unwired Planet also admits that none of the purported documents found in Exhibits 5–11 are found on the face of the '260 Patent or on the face of any Information Disclosure Statement submitted by applicant during the prosecution history of the '260 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 87 of Apple's Answer and Counterclaims.

88.     The allegations in paragraph 88 of Apple's Answer and Counterclaims contain statements and/or conclusions of law which do not warrant an affirmance or denial.  To the extent a response is required, Unwired Planet answers as follows: denied.

89.     Unwired Planet denies the allegations in paragraph 89 of Apple's Answer and Counterclaims.

90.     Unwired Planet denies the allegations in paragraph 90 of Apple's Answer and Counterclaims.

91.     Unwired Planet denies the allegations in paragraph 91 of Apple's Answer and Counterclaims.

92.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 92 of Apple's Answer and Counterclaims and, on that basis, denies them.

93.     Unwired Planet admits that Peter F. King was employed by Unwired Planet (and/or its predecessors) from November 1995 to March 2001.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 93 of Apple's Answer and Counterclaims and, on that basis, denies them.

94.     Unwired Planet admits that Bruce V. Schwartz was employed by Unwired Planet (and/or its predecessors) from November 1995 to March 2002.  Except as so admitted, Unwired

Planet lacks knowledge or information as to the allegations in paragraph 94 of Apple's Answer and Counterclaims and, on that basis, denies them.

95.     Unwired Planet admits that Bruce K. Martin, Jr. was employed by Unwired Planet (and/or its predecessors) from December 1995 to April 2004.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 95 of Apple's Answer and Counterclaims and, on that basis, denies them.

96.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 96 of Apple's Answer and Counterclaims and, on that basis, denies them.

97.     Unwired Planet admits that in a July 31, 2001 correspondence in the file history of the '260 Patent, the Examiner stated "Claims 1-3, 17-20, and 21 are rejected under 35 U.S.C. 102(e)," "Claims 4-8 and 22 are rejected under 35 U.S.C. 103(a)," "Claims 9 and 10 are rejected under 35 U.S.C. 103(a)," "Claims 11-15 are rejected under 35 U.S.C. 103(a)," and "Claim 16 is rejected under 35 U.S.C. 103(a)."  Unwired Planet also admits that in an October 9, 2001 correspondence in the file history of the '260 Patent, applicant amended the claims of the 09/640,902 application and responded to the Examiner's July 31, 2001 correspondence in the file history of the '260 Patent.  Unwired Planet also admits that in a January 16, 2002 correspondence in the file history of the '260 Patent, the Examiner stated "Claims 23-25, 32-35, and 52-55 are rejected under 35 U.S.C. 102(e)," "Claims 26-31 and 36 are rejected under 35 U.S.C. 103(a)," and "Claims 37-51 are rejected under 35 U.S.C. 103(a)."  Unwired Planet admits that in a June 24, 2002 correspondence in the file history of the '260 Patent, applicant amended the claims of the 09/640,902 application and responded to the Examiner's January 16, 2002 correspondence in the file history of the '260 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 97 of Apple's Answer and Counterclaims.

98.     Unwired Planet further admits that in January 13, 2003 correspondence in the file history of the '260 Patent, the Examiner issued a "Notice of Allowance and Fee(s) Due."  Unwired Planet denies the allegations in paragraph 98 of Apple's Answer and Counterclaim.

99.     Unwired Planet denies the allegations in paragraph 99 of Apple's Answer and Counterclaims.

-16-

1    100.    Unwired Planet denies the allegations in paragraph 100 of Apple's Answer and

2    Counterclaims.

3                **RIGHT TO ALLEGE FURTHER DEFENSES**

4                  **AS SUPPORTED BY THE EVIDENCE**

5    101.    Paragraph 101 of Apple's Answer and Counterclaims does not contain a statement

6    which warrants an affirmance or denial.  To the extent any response is warranted, Unwired Planet

7    denies the allegations in paragraph 101 of Apple's Answer and Counterclaims.

8                      **<u>COUNTERCLAIM</u>**

9    The introductory paragraph to the "COUNTERCLAIM" section of Apple's Answer and

10    Counterclaims does not contain a statement which warrants an affirmance or denial.  To the

11    extent any response is warranted, Unwired Planet responds as follows: denied.

12    1.    Paragraph 1 of Apple's Answer and Counterclaims does not contain a statement

13    which warrants an affirmance or denial.  To the extent any response is warranted, Unwired Planet

14    denies the allegations in paragraph 1 of Apple's Answer and Counterclaims.

15    2.    Unwired Planet admits the allegations in paragraph 2 of Apple's Answer and

16    Counterclaims.

17    3.    Unwired Planet admits the allegations in paragraph 3 of Apple's Answer and

18    Counterclaims.

19    4.    Unwired Planet admits the allegations in paragraph 4 of Apple's Answer and

20    Counterclaims.

21    5.    Unwired Planet admits the allegations in paragraph 5 of Apple's Answer and

22    Counterclaims.

23    6.    Unwired Planet admits the allegations in paragraph 6 of Apple's Answer and

24    Counterclaims.

25    7.    Unwired Planet admits the allegations in paragraph 7 of Apple's Answer and

26    Counterclaims.

27    8.    Unwired Planet admits the allegations in paragraph 8 of Apple's Answer and

28    Counterclaims.

McKool 843864v6

9.     Unwired Planet denies the allegations in paragraph 9 of Apple's Answer and Counterclaims.

10.    Unwired Planet denies the allegations in paragraph 10 of Apple's Answer and Counterclaims.

11.    Unwired Planet denies the allegations in paragraph 11 of Apple's Answer and Counterclaims.

### U.S. Patent No. 7,299,033

12.    Unwired Planet denies the allegations in paragraph 12 of Apple's Answer and Counterclaims.

13.    Unwired Planet admits that U.S. Patent No. 7,299,033 (the "'033 Patent") was filed as application number 10/601,022 on or about June 19, 2003. Unwired Planet further admits that, according to the '033 Patent, the following provisional U.S. applications are related to the '033 Patent: 60/393,024 (filed on or about June 28, 2002), 60/392,383 (filed on or about June 28, 2002), 60/393,041 (filed on or about June 28, 2002), 60/392,999 (filed on or about June 28, 2002). Except as so admitted, Unwired Planet denies the allegations in paragraph 13 of Apple's Answer and Counterclaims.

14.    Unwired Planet admits that claims 1, 17, 20, and 27 of the '033 Patent recite, in part, "plurality of domains," and "each of the domains having assigned thereto to a particular set of digital products designed for use in wireless communication devices that are accessible to the wireless services subscribers in that domain." Except as so admitted, Unwired Planet denies the allegations in paragraph 14 of Apple's Answer and Counterclaims.

15.    Unwired Planet admits that, one of its predecessors, Openwave Systems Inc. acquired assets of Ellipsus Systems, Inc. ("Ellipsus") before filing application number 10/601,022, which issued as the '033 Patent. Except as so admitted, Unwired Planet denies the allegations in paragraph 15 of Apple's Answer and Counterclaims.

16.    Unwired Planet admits that Rikard M. Kjellberg is listed as an inventor of the '033 Patent. Unwired Planet also admits that Rikard Kjellberg was a cofounder of Ellipsus. Except as

-18-

so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 16 of Apple's Answer and Counterclaims and, on that basis, denies them.

17.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 17 of Apple's Answer and Counterclaims and, on that basis, denies them.

18.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 18 of Apple's Answer and Counterclaims and, on that basis, denies them.

19.     Unwired Planet admits that the following "Other Publication" is listed on the face of the '033 Patent as a cited reference: "Ellipsus White Paper—InfiniteMAP, Ellipsus' Mobile Application Provisioning System, 2 cover pages, pp. 1-9, and 1 post page, appears to be a web page, dated Feb. 12, 2001." Unwired Planet admits that purported documents attached as Exhibits 1, 2, and 4 lack any indicia of a date, and Unwired Planet therefore lacks information to admit or deny facts related to the authenticity of the purported documents attached as Exhibits 1, 2, and 4. Except as so admitted, Unwired Planet denies the allegations in paragraph 19 of Apple's Answer and Counterclaims.

20.     Unwired Planet admits in a June 28, 2005 correspondence in the file history of the '033 Patent, the Examiner stated "Claims 1-6, 9-10, 14-19, and 23-30 are rejected under 35 U.S.C. 102(b)." Except as so admitted, Unwired Planet denies the allegations in paragraph 20 of Apple's Answer and Counterclaims.

21.     Unwired Planet admits in a June 28, 2005 correspondence in the file history of the '033 Patent, the Examiner stated "it is inherent that there would be multiple domains based on different subset of a plurality of wireless services subscribers." Except as so admitted, Unwired Planet denies the allegations in paragraph 21 of Apple's Answer and Counterclaims.

22.     Unwired Planet admits that in a June 28, 2005 correspondence in the file history of the '033 Patent, the Examiner stated "In view of the inability of the Examiner to obtain any additional Ellipsus information, as the company has been acquired by the current assignee, Openwave Systems Inc., the Examiner is requesting any additional information that Applicants may have access to that would be material to the examination of this applications." Except as so

admitted, Unwired Planet denies the allegations in paragraph 22 of Apple's Answer and Counterclaims.

23.     Unwired Planet admits that in a September 30, 2005 correspondence in the file history of the '033 Patent, applicants stated "Applicants acknowledge the Examiner's Request for Additional Information.  Applicants are not aware of any other information that may be material to the examination of this application, other than the materials which have already been cited and the materials which are being cited concurrently with the filing of this amendment."  Except as so admitted, Unwired Planet denies the allegations in paragraph 23 of Apple's Answer and Counterclaims.

24.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 24 of Apple's Answer and Counterclaims and, on that basis, denies them.

25.     Unwired Planet admits that in a December 20, 2005 correspondence in the file history of the '033 Patent, the Examiner stated "Claims 14-19 are rejected under 35 U.S.C. 102(b)," "Claims 1, 5-6, 9-10, 23-30 are rejected under 35 U.S.C. 103(a)," and "Claims 7-8, 11-13, and 20-22 are rejected under 35 U.S.C. 103(a)."  Unwired Planet further admits that in a May 5, 2006 correspondence in the file history of the '033 Patent, the Examiner stated "Claims 14-19 are rejected under 35 U.S.C. 102(b)," "Claims 1, 5-6, 9-10, 23-30 are rejected under 35 U.S.C. 103(a)," and "Claims 7-8, 11-13, and 20-22 are rejected under 35 U.S.C. 103(a)."  Except as so admitted, Unwired Planet denies the allegations in paragraph 25 of Apple's Answer and Counterclaims.

26.     Unwired Planet admits that in an October 10, 2006 correspondence in the file history of the '033 Patent, applicants stated "Applicants respectfully maintain all of their previously submitted arguments regarding the prior art rejections."  Except as so admitted, Unwired Planet denies the allegations in paragraph 26 of Apple's Answer and Counterclaims.

27.     Unwired Planet admits that the following quotation is excerpted from the document purported attached as Exhibit 1 to Apple's Answer and Counterclaims:  "positioned in the enterprise information technology (IT) infrastructure between the content server and the wireless network, and links end users with the content. The content can be delivered to the largest

-20-

1  possible user population, since infiniteMASS provides the bridge between the multitude of

2  mobile devices and a content source, such as an enterprise portal or e-commerce server. This is

3  possible since infiniteMASS supports both the content formatting and wireless communication

4  protocol functionality, providing a number of 'distribution channels' between a content source

5  and users."  Except as so admitted, Unwired Planet denies the allegations in paragraph 27 of

6  Apple's Answer and Counterclaims.

7        28.     Unwired Planet denies the allegations in paragraph 28 of Apple's Answer and

8  Counterclaims.

9        29.     Unwired Planet denies the allegations in paragraph 29 of Apple's Answer and

10  Counterclaims.

11        30.     Unwired Planet denies the allegations in paragraph 30 of Apple's Answer and

12  Counterclaims.

13        31.     Unwired Planet lacks knowledge or information as to the allegations in paragraph

14  31 of Apple's Answer and Counterclaims and, on that basis, denies them.

15        32.     Unwired Planet lacks knowledge or information as to the allegations in paragraph

16  32 of Apple's Answer and Counterclaims and, on that basis, denies them.

17        33.     Unwired Planet denies the allegations in paragraph 33 of Apple's Answer and

18  Counterclaims.

19                              **U.S. Patent No. 7,233,790**

20        34.     Unwired Planet denies the allegations in paragraph 34 of Apple's Answer and

21  Counterclaims.

22        35.     Unwired Planet admits that U.S. Patent No. 7,233,790 (the "'790 Patent") was

23  filed as application number 10/600,746 on or about June 19, 2003.  Unwired Planet further admits

24  that, according to the '790 Patent, the following provisional U.S. applications are related to the

25  '790 Patent: 60/393,024 (filed on or about June 28, 2002), 60/392,383 (filed on or about June 28,

26  2002), 60/393,041 (filed on or about June 28, 2002), 60/392,999 (filed on or about June 28,

27  2002).  Except as so admitted, Unwired Planet denies the allegations in paragraph 35 of Apple's

28  Answer and Counterclaims.

-21-

36.     Unwired Planet admits that claims 1 and 8 of the '790 Patent recite, in part, "receiving a plurality of different implementations of at least one of the items of content, where each implementation of any given item of content corresponds to a different set of device capabilities."  Except as so admitted, Unwired Planet denies the allegations in paragraph 36 of Apple's Answer and Counterclaims.

37.     Unwired Planet admits that, one of its predecessors, Openwave Systems Inc. acquired assets of Ellipsus Systems, Inc. ("Ellipsus") before filing application number 10/600,746, which issued as the '790 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 37 of Apple's Answer and Counterclaims.

38.     Unwired Planet lacks knowledge or information as to when or if any of the purported documents attached as Exhibits 1–3 were published, and, on that basis, denies that any of the purported documents attached as Exhibits 1–3 were published before June 28, 2001.  Unwired Planet also admits that purported documents attached as Exhibits 1, 2, and 3 lack any indicia of a date, and Unwired Planet therefore lacks information to admit or deny facts related to the authenticity of the purported documents attached as Exhibits 1, 2, and 3.  Except as so admitted, Unwired Planet denies the allegations in paragraph 38 of Apple's Answer and Counterclaims.

39.     Unwired Planet admits that the '790 Patent lists more than 35 "U.S. Patent Documents," "Foreign Patent Documents," and "Other Publications" on the face of the '790 Patent.  Unwired Planet also admits that none of the purported documents found in Exhibits 1–3 are found on the face of the '790 Patent or on the face of any Information Disclosure Statement submitted by applicant during the prosecution history of the '685 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 39 of Apple's Answer and Counterclaims.

40.     The allegations in paragraph 40 of Apple's Answer and Counterclaims contain statements and/or conclusions of law which do not warrant an affirmance or denial.  To the extent a response is required, Unwired Planet answers as follows: denied.

41.     Unwired Planet denies the allegations in paragraph 41 of Apple's Answer and Counterclaims.

-22-

42.     Unwired Planet denies the allegations in paragraph 42 of Apple's Answer and Counterclaims.

43.     Unwired Planet denies the allegations in paragraph 43 of Apple's Answer and Counterclaims.

44.     Unwired Planet denies the allegations in paragraph 44 of Apple's Answer and Counterclaims.

45.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 45 of Apple's Answer and Counterclaims and, on that basis, denies them.

46.     Unwired Planet admits that Rikard Kjellberg was a cofounder of Ellipsus. Unwired Planet also admits that purported documents attached as Exhibits 1 and 2 lack any indicia of an author, and Unwired Planet therefore lacks information to admit or deny facts related to the authorship of the purported documents attached as Exhibits 1and 2.  Except as so admitted, Unwired Planet denies the allegations in paragraph 46 of Apple's Answer and Counterclaims.

47.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 47 of Apple's Answer and Counterclaims and, on that basis, denies them.

48.     Unwired Planet denies the allegations in paragraph 48 of Apple's Answer and Counterclaims.

49.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 49 of Apple's Answer and Counterclaims and, on that basis, denies them.

50.     Unwired Planet denies the allegations in paragraph 50 of Apple's Answer and Counterclaims.

51.     Unwired Planet denies the allegations in paragraph 51 of Apple's Answer and Counterclaims.

**U.S. Patent No. 7,020,685**

52.     Unwired Planet denies the allegations in paragraph 52 of Apple's Answer and Counterclaims.

53.     Unwired Planet admits that U.S. Patent No. 7,020,685 (the "'685 Patent") was filed as application number 09/640,902 on or about August 16, 2000.  Unwired Planet further admits that, according to the '685 Patent, the following provisional U.S. application is related to the '685 Patent: 60/158,694 (filed on or about October 8, 1999).  Except as so admitted, Unwired Planet denies the allegations in paragraph 53 of Apple's Answer and Counterclaims.

*UP.Link and PocketNet*

54.     Unwired Planet admits that it had offered for sale and put into public use various software products more than one year before provisional application 60/158,694 was filed.  Except as so admitted, Unwired Planet denies the allegations in paragraph 54 of Apple's Answer and Counterclaims.

55.     Unwired Planet lacks knowledge or information as to when or if any of the purported documents attached as Exhibits 5–11 were published, and, on that basis, denies that any of the purported documents attached as Exhibits 5–11 were published before October 8, 1998.  Unwired Planet also admits that the purported document attached as Exhibit 5 recites "July 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 5.  Unwired Planet admits that the purported document attached as Exhibit 6 recites "August 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 6.  Unwired Planet admits that the purported document attached as Exhibit 7 recites "July 15, 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 7.  Unwired Planet admits that the purported document attached as Exhibit 8 lacks any indicia of a date, and Unwired Planet therefore lacks information to admit or deny facts related to the authenticity of the purported document attached as Exhibit 8.  Unwired Planet admits that the purported document attached as Exhibit 9 recites "July 11, 1996" on the first page of the purported document attached as Exhibit 9.  Unwired Planet admits that the purported document attached as Exhibit 10 recites "August 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 10.  Unwired Planet admits that the purported document attached as Exhibit 11 recites "10/11/96" on the bottom the page marked "iii" of the purported

document attached as Exhibit 11.  Except as so admitted, Unwired Planet denies the allegations in paragraph 55 of Apple's Answer and Counterclaims.

56.     Unwired Planet admits that the '685 Patent lists more than 15 "U.S. Patent Documents," "Foreign Patent Documents," and "Other Publications" on the face of the '685 Patent.  Unwired Planet also admits that none of the purported documents found in Exhibits 5–11 are found on the face of the '685 Patent or on the face of any Information Disclosure Statement submitted by applicant during the prosecution history of the '685 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 56 of Apple's Answer and Counterclaims.

57.     The allegations in paragraph 57 of Apple's Answer and Counterclaims contain statements and/or conclusions of law which do not warrant an affirmance or denial.  To the extent a response is required, Unwired Planet answers as follows: denied.

58.     Unwired Planet denies the allegations in paragraph 58 of Apple's Answer and Counterclaims.

59.     Unwired Planet denies the allegations in paragraph 59 of Apple's Answer and Counterclaims.

60.     Unwired Planet denies the allegations in paragraph 60 of Apple's Answer and Counterclaims.

61.     Unwired Planet denies the allegations in paragraph 61 of Apple's Answer and Counterclaims.

62.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 62 of Apple's Answer and Counterclaims and, on that basis, denies them.

63.     Unwired Planet admits that David A. Chen was, employed by Unwired Planet (and/or its predecessors) from May 1998 to April 2005.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 63 of Apple's Answer and Counterclaims and, on that basis, denies them.

64.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 64 of Apple's Answer and Counterclaims and, on that basis, denies them.

-25-

65.     Unwired Planet admits that Jordan Becker prosecuted one or more patents for Unwired Planet and its predecessors, including application number 09/640,902 which issued as the '685 Patent.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 65 of Apple's Answer and Counterclaims and, on that basis, denies them.

66.     Unwired Planet admits that U.S Patent. 6,742,127 (the "'127 Patent") lists "Blakely, Sokoloff, Taylor & Zafman LLP" as "Attorney, Agent, or Firm" on its face.  Unwired Planet further admits that the '127 Patent issued to Openwave Systems Inc., a predecessor of Unwired Planet, on May 25, 2004.  Unwired Planet also admits that the '685 Patent issued on March 28, 2006.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 66 of Apple's Answer and Counterclaims and, on that basis, denies them.

67.     Unwired Planet admits that U.S Patent. 6,665,711 (the "'711 Patent") lists "Blakely, Sokoloff, Taylor & Zafman LLP" as "Attorney, Agent, or Firm" on its face.  Unwired Planet further admits that the '711 Patent issued to Openwave Systems Inc., a predecessor of Unwired Planet, on December 16, 2003.  Unwired Planet also admits that the '685 Patent issued on March 28, 2006.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 67of Apple's Answer and Counterclaims and, on that basis, denies them.

68.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 68 of Apple's Answer and Counterclaims and, on that basis, denies them.

69.     Unwired Planet admits that in a November 14, 2003 correspondence in the file history of the '685 Patent, the Examiner stated "Claims 1, 9, 13-19, and 46 are rejected under 35 U.S.C. 102(e)," "Claims 2-5, 8, 10-12, 20 are rejected under 35 U.S.C. 103(a)," "Claims 21, 23, 33-34, 38-40, 42, 47, 51-53 are rejected under 35 U.S.C. 103(a)," "Claims 22, 24, 32, 35-37, 41, 48-50, are rejected under 35 U.S.C. 103(a)," "Claims 6-7, 25-30, 43, 45, 54-55 are rejected under 35 U.S.C. 103(a)," and "Claim 44 is rejected under 35 U.S.C. 103(a)."  Unwired Planet further admits that in an April 26, 2004 correspondence in the file history of the '685 Patent, the Examiner stated "Claims 1, 9, and 46 are rejected under 35 U.S.C. 102(e)," "Claims 2-5, 8, and 10-12, are rejected under 35 U.S.C. 103(a)," "Claims 31, 33-34, 38-40, 42, 47, 51-53 are rejected

-26-

under 35 U.S.C. 103(a)," "Claims 32, 35-37, 41, 48-50, are rejected under 35 U.S.C. 103(a)," "Claims 6-7, 25-30, 43, 45, 54-55 are rejected under 35 U.S.C. 103(a)," and "Claim 44 is rejected under 35 U.S.C. 103(a)." Unwired Planet also admits that in a February 17, 2004 correspondence in the file history of the '685 Patent, applicant amended claims of the 09/640,902 application and responded to the Examiner's November 14, 2003 correspondence in the file history of the '685 Patent. Unwired Planet also admits that in a June 17, 2004 correspondence in the file history of the '685 Patent, applicant responded to the Examiner's April 26, 2004 correspondence in the file history of the '685 Patent. Unwired Planet further admits that in a July 29, 2004 correspondence in the file history of the '685 Patent, the Examiner stated "Claims 1, 3-12 and 25-55 are rejected under the judicially created doctrine of obviousness-type double patenting." Unwired Planet admits that in an August 10, 2004 correspondence in the file history of the '685 Patent, applicant filed a "Terminal Disclaimer Under 37 C.F.R. § 1.321(c)." Unwired Planet further admits that in an October 7, 2004 correspondence in the file history of the '685 Patent, the Examiner issued a "Notice of Allowance and Fee(s) Due." Except as so admitted, Unwired Planet denies the allegations in paragraph 69 of Apple's Answer and Counterclaims.

70.     Unwired Planet denies the allegations in paragraph 70 of Apple's Answer and Counterclaims.

71.     The allegations in paragraph 71 of Apple's Answer and Counterclaims contain statements and/or conclusions of law which do not warrant an affirmance or denial. To the extent a response is required, Unwired Planet answers as follows: denied.

72.     Unwired Planet denies the allegations in paragraph 72 of Apple's Answer and Counterclaims.

*U.S. Patent 6,094,587 ("Armanto")*

73.     The allegations in paragraph 73 of Apple's Answer and Counterclaims contain statements and/or conclusions of law which do not warrant an affirmance or denial. To the extent a response is required, Unwired Planet answers as follows: denied.

74.     Unwired Planet admits that U.S. Patent 6,094,587 ("Armanto" or the "'587 Patent") is entitled "Programming of a telephone's ringing tone" and includes 10 claims. Except

-27-

1   as so admitted, Unwired Planet denies the allegations in paragraph 74 of Apple's Answer and
2   Counterclaims.

3       75.     Unwired Planet admits that the '685 Patent lists more than 15 "U.S. Patent
4   Documents," "Foreign Patent Documents," and "Other Publications" on the face of the '685
5   Patent.  Unwired Planet also admits that the '587 Patent is not found on the face of the '685
6   Patent or on the face of any Information Disclosure Statement submitted by applicant during the
7   prosecution history of the '685 Patent.  Except as so admitted, Unwired Planet denies the
8   allegations in paragraph 75 of Apple's Answer and Counterclaims.

9       76.     Unwired Planet denies the allegations in paragraph 76 of Apple's Answer and
10  Counterclaims.

11      77.     Unwired Planet denies the allegations in paragraph 77 of Apple's Answer and
12  Counterclaims.

13      78.     Unwired Planet denies the allegations in paragraph 78 of Apple's Answer and
14  Counterclaims.

15      79.     Unwired Planet lacks knowledge or information as to the allegations in paragraph
16  79 of Apple's Answer and Counterclaims and, on that basis, denies them.

17      80.     Unwired Planet denies the allegations in paragraph 80of Apple's Answer and
18  Counterclaims.

19      81.     Unwired Planet admits that the '685 Patent lists more than 15 "U.S. Patent
20  Documents," "Foreign Patent Documents," and "Other Publications" on the face of the '685
21  Patent.  Unwired Planet also admits that the '587 Patent is not found on the face of the '685
22  Patent or on the face of any Information Disclosure Statement submitted by applicant during the
23  prosecution history of the '685 Patent.  Except as so admitted, Unwired Planet denies the
24  allegations in paragraph 81 of Apple's Answer and Counterclaims.

25      82.     Unwired Planet lacks knowledge or information as to the allegations in paragraph
26  82 of Apple's Answer and Counterclaims and, on that basis, denies them.

27      83.     Unwired Planet lacks knowledge or information as to the allegations in paragraph
28  83 of Apple's Answer and Counterclaims and, on that basis, denies them.

84.     Unwired Planet denies the allegations in paragraph 84 of Apple's Answer and Counterclaims.

**<u>U.S. Patent No. 6,647,260</u>**

85.     Unwired Planet denies the allegations in paragraph 85 of Apple's Answer and Counterclaims.

86.     Unwired Planet admits the allegations in paragraph 86 of Apple's Answer and Counterclaims.

*UP.Link and PocketNet*

87.     Unwired Planet admits that it had offered for sale and put into public use various software products more than one year before application number 09/289,559 was filed.  Except as so admitted, Unwired Planet denies the allegations in paragraph 87 of Apple's Answer and Counterclaims.

88.     Unwired Planet lacks knowledge or information as to when or if any of the purported documents attached as Exhibits 5–11 were published, and, on that basis, denies that any of the purported documents attached as Exhibits 5–11 were published before October 8, 1998. Unwired Planet also admits that the purported document attached as Exhibit 5 recites "July 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 5. Unwired Planet admits that the purported document attached as Exhibit 6 recites "August 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 6. Unwired Planet admits that the purported document attached as Exhibit 7 recites "July 15, 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 7. Unwired Planet admits that the purported document attached as Exhibit 8 lacks any indicia of a date, and Unwired Planet therefore lacks information to admit or deny facts related to the authenticity of the purported document attached as Exhibit 8.Unwired Planet admits that the purported document attached as Exhibit 9 recites "July 11, 1996" on the first page of the purported document attached as Exhibit 9.  Unwired Planet admits that the purported document attached as Exhibit 10 recites "August 1996" on the bottom left corner of the first page of the purported document attached as Exhibit 10.  Unwired Planet admits that the purported document

attached as Exhibit 11 recites "10/11/96" on the bottom the page marked "iii" of the purported document attached as Exhibit 11.  Except as so admitted, Unwired Planet denies the allegations in paragraph 88 of Apple's Answer and Counterclaims.

89.     Unwired Planet admits that the '260 Patent lists more than 40 "U.S. Patent Documents," "Foreign Patent Documents," and "Other Publications" on the face of the '260 Patent.  Unwired Planet also admits that none of the purported documents found in Exhibits 5–11 are found on the face of the '260 Patent or on the face of any Information Disclosure Statement submitted by applicant during the prosecution history of the '260 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 89 of Apple's Answer and Counterclaims.

90.     The allegations in paragraph 90 of Apple's Answer and Counterclaims contain statements and/or conclusions of law which do not warrant an affirmance or denial.  To the extent a response is required, Unwired Planet answers as follows: denied.

91.     Unwired Planet denies the allegations in paragraph 91 of Apple's Answer and Counterclaims.

92.     Unwired Planet denies the allegations in paragraph 92 of Apple's Answer and Counterclaims.

93.     Unwired Planet denies the allegations in paragraph 93of Apple's Answer and Counterclaims.

94.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 94 of Apple's Answer and Counterclaims and, on that basis, denies them.

95.     Unwired Planet admits that Peter F. King was employed by Unwired Planet (and/or its predecessors) from November 1995 to March 2001.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 95 of Apple's Answer and Counterclaims and, on that basis, denies them.

96.     Unwired Planet admits that Bruce V. Schwartz was employed by Unwired Planet (and/or its predecessors) from November 1995 to March 2002.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 96 of Apple's Answer and Counterclaims and, on that basis, denies them.

97.     Unwired Planet admits that Bruce K. Martin, Jr. was employed by Unwired Planet (and/or its predecessors) from December 1995 to April 2004.  Except as so admitted, Unwired Planet lacks knowledge or information as to the allegations in paragraph 97 of Apple's Answer and Counterclaims and, on that basis, denies them.

98.     Unwired Planet lacks knowledge or information as to the allegations in paragraph 98 of Apple's Answer and Counterclaims and, on that basis, denies them.

99.     Unwired Planet admits that in a July 31, 2001 correspondence in the file history of the '260 Patent, the Examiner stated "Claims 1-3, 17-20, and 21 are rejected under 35 U.S.C. 102(e)," "Claims 4-8 and 22 are rejected under 35 U.S.C. 103(a)," "Claims 9 and 10 are rejected under 35 U.S.C. 103(a)," "Claims 11-15 are rejected under 35 U.S.C. 103(a)," and "Claim 16 is rejected under 35 U.S.C. 103(a)."  Unwired Planet also admits that in an October 9, 2001 correspondence in the file history of the '260 Patent, applicant amended the claims of the 09/640,902 application and responded to the Examiner's July 31, 2001 correspondence in the file history of the '260 Patent.  Unwired Planet also admits that in a January 16, 2002 correspondence in the file history of the '260 Patent, the Examiner stated "Claims 23-25, 32-35, and 52-55 are rejected under 35 U.S.C. 102(e)," "Claims 26-31 and 36 are rejected under 35 U.S.C. 103(a)," and "Claims 37-51 are rejected under 35 U.S.C. 103(a)."  Unwired Planet admits that in a June 24, 2002 correspondence in the file history of the '260 Patent, applicant amended the claims of the 09/640,902 application and responded to the Examiner's January 16, 2002 correspondence in the file history of the '260 Patent.  Except as so admitted, Unwired Planet denies the allegations in paragraph 99 of Apple's Answer and Counterclaims.

100.     Unwired Planet further admits that in January 13, 2003 correspondence in the file history of the '260 Patent, the Examiner issued a "Notice of Allowance and Fee(s) Due." Unwired Planet denies the allegations in paragraph 100 of Apple's Answer and Counterclaim.

101.     Unwired Planet denies the allegations in paragraph 101 of Apple's Answer and Counterclaims.

102.     Unwired Planet denies the allegations in paragraph 102 of Apple's Answer and Counterclaims.

-31-

103.    Unwired Planet admits that an actual, justiciable controversy exists between Unwired Planet and Apple.  Except as so admitted Unwired Planet denies the allegations in paragraph 103 of Apple's Answer and Counterclaims.

104.    Unwired Planet denies the allegations in paragraph 104 of Apple's Answer and Counterclaims.

105.    Unwired Planet denies the allegations in paragraph 105 of Apple's Answer and Counterclaims.

### APPLE'S DEMAND FOR JURY TRIAL

Apple's "DEMAND FOR JURY TRIAL" does not contain a statement which warrants an affirmance or denial.

### APPLE'S PRAYER FOR RELIEF

Unwired Planet denies that Apple is entitled to the relief requested in paragraphs A-H of Apple's Answer and Counterclaims or any other relief on Apple's Answer and Counterclaims.

### UNWIRED PLANET'S PRAYER FOR RELIEF

WHEREFORE, Unwired Planet prays for the following relief against Apple:

A.    that all relief requested by Unwired Planet in its Complaint be granted;

B.    that all relief requested by Apple in its Answer and Counterclaims be denied and that Apple take nothing by way of its Answer and Counterclaims;

C.    that Apple be ordered to pay the costs of this action (including all disbursements) and attorneys fees as provided by 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

D.    such other and further relief as the Court deems just and equitable.

///

///

///

///

-32-

McKool 843864v6

1

**DEMAND FOR JURY TRIAL**

2

Unwired Planet hereby demands a trial by jury for all issues so triable.

3

Dated:  December 21, 2012                    Respectfully submitted,

4

5

      /s/ Michael D. Rounds

6

Michael D. Rounds
Nevada Bar No. 4734

7

mrounds@watsonrounds.com
Adam K. Yowell

8

Nevada Bar No. 11748
ayowell@watsonrounds.com

9

WATSON ROUNDS
5371 Kietze Lane

10

Reno, Nevada 89511
Telephone: (775) 324-4100

11

Fax: (775) 333-8171

12

Theodore Stevenson III
Texas State Bar No. 19196650

13

tstevenson@mckoolsmith.com
MCKOOL SMITH, P.C.

14

300 Crescent Court, Suite 1500
Dallas, Texas 75201

15

Telephone: (214) 978-4000
Fax: (214) 978-4044

16

Kevin Burgess

17

Texas State Bar No. 24006927
kburgess@mckoolsmith.com

18

Pierre Hubert
Texas State Bar No. 24002317

19

phubert@mckoolsmith.com
MCKOOL SMITH, P.C.

20

300 W. 6th St., Suite 1700
Austin, Texas 78701

21

Telephone: (512) 692-8700
Fax: (512) 692-8744

22

**ATTORNEYS FOR PLAINTIFF
UNWIRED PLANET LLC.**

23

24

25

26

27

28

-33-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Watson Rounds, and that on this date a true and correct copy of the foregoing document, **PLAINTIFF'S REPLY TO APPLE INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIM**, will be served upon counsel of record via electronic mail through the United States District Court's CM/ECF system.


DATED December 21, 2012          /s/ Merrilyn Marsh_____
                                 An Employee of Watson Rounds

-34-

McKool 843864v6