Theodore Stevenson III (*pro hac vice*)
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
MCKOOL SMITH, P.C.
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess (*pro hac vice*)
Texas State Bar No. 2400069
kburgess@mckoolsmith.com
Pierre Hubert (*pro hac vice*)
Texas State Bar NO. 240023
phubert@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

Michael D. Rounds
Nevada Bar No. 4734
mrounds@watsonrounds.com
Adam K. Yowell
Nevada Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511-2083
Telephone: (775) 324-4100
Fax: (775) 333-8171

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNWIRED PLANET LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No.: 3:12-CV-00505-RCJ-VPC<br><br>**JOINT RULE 26(f) REPORT, DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rules 26-1(d) and (e), Plaintiff UNWIRED PLANET LLC ("Plaintiff"), by their attorneys, and Defendant

1  APPLE INC., ("Defendant"), by their attorneys, submit the following Joint Rule 26(f) Report
2  and Discovery Plan and Proposed Scheduling Order ("Discovery Plan").  This is a complex
3  patent case in which Plaintiff asserts ten patents (Dkt. #1), Defendant asserts non-infringement
4  and numerous invalidity and unenforceability defenses and counterclaims (Dkt. # 29) and the
5  parties therefore request a special scheduling review pursuant to LR 26-1.

**A.     Fed. R. Civ. P. 26(f) Meeting**

The following persons participated in a Rule 26(f) conference on December 28, 2012 by telephone conference:

On behalf of the Unwired Planet LLC: Michael D. Rounds and Pierre Hubert.

On behalf of Apple Inc.: Jonathan W. Fountain, H. Mark Lyon, Y. Ernest Shin, Stuart Rosenberg and Brooke Wallace.

**B.     Initial Disclosures**

The parties will serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on February 1, 2013.

**C.     Local Rule 26-1(e)(1) – Discovery Cut-Off Date**

The parties jointly propose that the fact discovery cut-off date shall be 60 days after the entry of a claim construction order as to all asserted patents in this matter.  This will allow the parties to complete any necessary fact discovery after the entry of the claim construction order.

**D.     Local Rule 26(e)(1) – Amendment to Pleadings**

The parties jointly propose that the last day for filing motions to amend pleadings or to add parties shall be September 1, 2013.

**E.     The Parties' Contentions**

The parties jointly propose the following dates for exchange of the contentions called for by Local Rules 16.1-6 – 16.1-10:

| EVENT | DEADLINE |
|---|---|
| Plaintiffs to serve disclosure of asserted claims and infringement contentions, and accompanying documents, pursuant to Local Rules 16.1-6 – 16.1-7 | February 15, 2013 |

2

| EVENT | DEADLINE |
|---|---|
| Defendants to serve noninfringement, invalidity and unenforceability contentions, and accompanying documents, pursuant to Local Rules 16.1-8 – 16.1-9 | May 2, 2013 |
| Plaintiff to serve response to Defendants' noninfringement, invalidity and unenforceability contentions, and accompanying documents, pursuant to Local Rules 16.1-10 | June 17, 2013 |

F.   **Claim Construction**

The parties jointly propose the following dates for claim construction related events:

| EVENT | DEADLINE |
|---|---|
| Exchange of Proposed Terms for Construction (LR 16.1-13) | July 17, 2013 |
| Exchange of Proposed Claim Constructions and Supporting Intrinsic and Extrinsic Evidence (LR 16.1-14) | 30 days after exchange of proposed terms |
| Parties File Joint Claim Construction and Prehearing Statement LR 16.1-15) | 15 days after exchange of proposed terms |
| Parties Submit *Markman* Tutorials | 35 days after Joint Claim Construction and Prehearing Statement is filed |
| Opening Claim Construction Briefs from all Parties | 45 days after Joint Claim Construction and Prehearing Statement is filed |
| Responsive Claim Construction Briefs from all Parties | 30 days after Opening Claim Construction Brief |
| Claim Construction Hearing (LR 16.1-17) | Court's convenience (2 days requested) |

Opening claim construction briefs for all parties shall not exceed 125 pages, and responsive claim construction briefs for all parties shall not exceed 75 pages. The parties reserve the right, however, to propose that these page limitations be amended by the Court depending on the number of claims that remain at issue at the time of briefing. The parties reserve the right to meet and confer at a later time for the purpose of determining whether a *Markman* tutorial

hearing will be necessary in addition to the time the parties have allocated for the Markman hearing.

G.  **Local Rule 26-1(e)(3) – Expert Disclosures**

The parties jointly propose the following dates for expert disclosures:

| EVENT | DEADLINE |
|---|---|
| Opening expert reports on issues for which the serving party has the burden of proof | 75 days after entry of *Markman* Order |
| Rebuttal expert reports, on issues for which the other party has the burden of proof | 45 days after service of opening expert reports |
| Expert discovery completed | 45 days after service of rebuttal expert reports |

H.  **Local Rule 26-1(e)(4) – Dispositive Motions**

The parties jointly propose that any dispositive motions or Daubert motions concerning the proposed testimony of any expert must be filed within 45 days after the completion of expert discovery. Within 10 days after the completion of expert discovery, the parties will meet and confer and/or seek a telephonic status conference with the Court to determine any appropriate limit on the number and length of summary judgment motion(s).

I.  **Local Rule 26-1(e)(5) – Pretrial Order**

The parties jointly propose that the deadline for filing the joint pretrial order is 30 days after the Court's decision on dispositive motion(s). Pursuant to LR 26-1(e)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the pretrial order.

J.  **Settlement Conferences**

The parties jointly propose the following dates for the settlement conferences called for by Local Rule 16.1-19:

| EVENT | DEADLINE |
|---|---|
| Pre-Claim Construction Settlement Conference | July 12, 2013 |
| Post-Claim Construction Settlement Conference | 30 days after entry of the claim construction order |

4

| EVENT | DEADLINE |
|---|---|
| Pre-trial Settlement Conference | 30 days after filing of the Pre-Trial Order |

K.    **Additional Provisions**

    a.    **Interim Status Report**

The parties jointly propose that the parties will file a joint Interim Status Report pursuant to LR 26-3 thirty (30) days before the discovery cut off.

    b.    **Motions *in Limine***

The parties jointly propose that any motions *in limine* must be filed 30 days prior to trial. The parties further propose that any oppositions to motions *in limine* must be filed 14 days after the motions *in limine* are filed. There is a limit of 10 motions *in limine* for each party.

    c.    **Privilege Logs**

The parties jointly agree that privileged documents created after the filing of the original Complaint in this action may be withheld without being identified to a requesting party, unless the requesting party makes a particular request for post-Complaint privileged documents, with request may be complied to or objected to, subject to review by the Court if necessary.

    d.    **Disclosure or Discovery of Electronically-Stored Information**

The parties will produce electronically-stored information according to a modified version of the Federal Circuit's Model Order Regarding E-Discovery In Patent Cases ("Model Order"). The parties are currently meeting and conferring on the modifications and anticipate filing the document within the next two weeks.

    e.    **E-Mail Service**

The parties have agreed that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (e.g., filings under seal), will be served via e-mail, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). The parties have further agreed that each party may serve discovery, in lieu of other service methods, by e-mail under Fed. R. Civ. P. 5(b)(2)(E). The parties have further agreed that all service of written discovery and/or responses shall take place at or before 7:00 pm Pacific

1  time. If transmission of voluminous materials as an e-mail attachment is impractical, those
2  materials shall be sent via an FTP service or by overnight delivery. If service is by overnight
3  delivery, the serving party must use a service having the ability to "track" deliveries and verify
4  receipt.

     f.    **Interrogatories**

The parties agree to a maximum of 60 interrogatories per side, including contention interrogatories.

     g.    **Depositions**

**Plaintiff's Proposal:** Plaintiff proposes that each side is limited to a total of 165 hours of fact witness depositions, inclusive of Fed. R. Civ. P. 30(b)(6) depositions, and exclusive of non-party fact witnesses and expert witnesses.

**Defendant's Proposal:** Defendant proposes that each side is limited to a total of 100 hours of fact witness depositions, inclusive of Fed. R. Civ. P. 30(b)(6) depositions, and exclusive of non-party fact witnesses and expert witnesses.

**Joint Proposal:** The parties agree that, other than Fed. R. Civ. P. 30(b)(6) and expert witness depositions, each deposition of a fact witness is limited to a maximum of seven (7) hours unless extended by agreement of the parties. The length of time for Fed. R. Civ. P. 30(b)(6) witnesses may vary depending on the number of topics for which a witness is designated. No personal deposition of a Fed. R. Civ. P. 30(b)(6) designee may duplicate the Fed. R. Civ. P. 30(b)(6) topics for that designee. The parties further agree to identify all corporate representatives designated pursuant to Fed. R. Civ. P. 30(b)(6) at least five (5) business days prior to the deposition. The parties agree that this case is at a preliminary stage and reserve the right to seek modifications or amendments to this paragraph as discovery progresses.

     h.    **Third-Party Subpoenas**

Any party that serves a subpoena upon a third-party will simultaneously serve a copy of such subpoena upon all parties. Moreover, any party that receives documents and/or correspondence from a third-party pursuant to a subpoena will, as soon as possible, provide those documents and/or correspondence to each other party.

     i.     **Materials Relating to Expert Witnesses**

The parties agree that draft expert reports and notes of experts are not discoverable or admissible. This agreement applies to all such items regardless of whether they are in paper or electronic form. This agreement does not apply to any information an expert relies upon in forming his or her opinions.

**L.**     **Protective Order**

The parties are conferring in good faith to present to the Court a joint protective order and expect to file one within the next two weeks.

Dated: January 11, 2013

                        Respectfully submitted,

                        WATSON ROUNDS

                        /s/ Michael D. Rounds
                        Michael D. Rounds
                        Nevada State Bar No. 4734
                        mrounds@watsonrounds.com
                        Adam K. Yowell
                        Nevada State Bar No. 11748
                        ayowell@watsonrounds.com
                        WATSON ROUNDS
                        5371 Kietzke Lane
                        Reno, Nevada 89511
                        Telephone: (775) 324-4100
                        Fax: (775) 333-8171

                        Theodore Stevenson III (*pro hac vice*)
                        Texas State Bar No. 19196650
                        tstevenson@mckoolsmith.com
                        MCKOOL SMITH, P.C.
                        300 Crescent Court, Suite 1500
                        Dallas, Texas 75201
                        Telephone: (214) 978-4000
                        Fax: (214) 978-4044

                        Kevin Burgess (*pro hac vice*)
                        Texas State BAR NO. 24006927
                        kburgess@mckoolsmith.com
                        Pierre Hubert (*pro hac vice*)
                        Texas State Bar No. 24002317
                        phubert@mckoolsmith.com
                        MCKOOL SMITH, P.C.
                        300 W. 6th St., Suite 1700
                        Austin, Texas 78701
                        Telephone: (512) 692-8700
                        Fax: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
UNWIRED PLANET LLC**

- and -

LEWIS AND ROCA LLP

_____
Jonathan W. Fountain
Nevada Bar No. 10351
JFountain@LRLaw.com
3993 Howard Hughes Pkwy.
Suite 600
Las Vegas, NV 89169-5996
Telephone: (702) 949-8340
Facsimile: (702) 949-8374

E. Leif Reid
Nevada Bar No. 5750
LReid@LRLaw.com
LEWIS AND ROCA LLP
50 West Liberty Street
Suite 410
Reno, NV 89501-1922

Josh Krevitt (*pro hac vice*)
GISON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

H. Mark Lyon (*pro hac vice*)
Y. Ernest Hsin (*pro hac vice*)
GISON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

**ATTORNEYS FOR DEFENDANT
APPLE INC.**

**IT IS SO ORDERED:**

Dated: _____, 2013

_____
Hon. Valerie P. Cooke
United States Magistrate Judge