1  Theodore Stevenson III (*pro hac vice*)
   Texas State Bar No. 19196650
2  tstevenson@mckoolsmith.com
   300 Crescent Court, Suite 1500
3  MCKOOL SMITH, P.C.
   Dallas, Texas 75201
4  Telephone: (214) 978-4000
   Fax: (214) 978-4044
5
   Kevin Burgess (*pro hac vice*)
6  Texas State Bar No. 2400069
   kburgess@mckoolsmith.com
7  Pierre Hubert (*pro hac vice*)
   Texas State Bar NO. 240023
8  phubert@mckoolsmith.com
   MCKOOL SMITH, P.C.
9  300 W. 6th St., Suite 1700
   Austin, Texas 78701
10 Telephone: (512) 692-8700
   Fax: (512) 692-8744
11
   Michael D. Rounds
12 Nevada Bar No. 4734
   mrounds@watsonrounds.com
13 Adam K. Yowell
   Nevada Bar No. 11748
14 ayowell@watsonrounds.com
   WATSON ROUNDS
15 5371 Kietzke Lane
   Reno, NV 89511-2083
16 Telephone: (775) 324-4100
   Fax: (775) 333-8171
17
   *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNWIRED PLANET LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>     v.<br><br>APPLE INC., a California corporation,<br><br>            Defendant. | Case No.: 3:12-CV-00505-RCJ-VPC<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's January 17, 2013, Minute Order (Dkt. #34), Plaintiff UNWIRED PLANET LLC ("Plaintiff"), by its attorneys, and Defendant APPLE INC., ("Defendant"), by its attorneys, submit the following Case Management Report.

**A.   Nature of the Case and Description of the Principle Factual and Legal Disputes**

As described more fully below, this is a complex patent case in which Plaintiff asserts ten patents (Dkt. #1), and Defendant asserts non-infringement and numerous invalidity and unenforceability defenses and counterclaims (Dkt. # 29).

## THE PARTIES

Plaintiff Unwired Planet LLC is a Nevada limited liability company having a principal place of business at 226 California Ave., Reno, NV 89509. Defendant Apple Inc. is a corporation organized under the laws of California with its principal place of business at 1 Infinite Loop, Cupertino, California 95014-2083.

## THE PATENTS

Plaintiff asserts ten patents against Defendant:

- United States Letters Patent No. 6,317,594 ("the '594 patent"), entitled "System and Method for Providing Data to a Wireless Device upon Detection of Activity of the Device on a Wireless Network," issued to inventors William E. Gossman and Peter J. Hartmaier on Nov. 13, 2001.

- United States Letters Patent No. 6,317,831 ("the '831 patent"), entitled "Method and Apparatus for Establishing a Secure Connection over a One-way Data Path," issued to inventor Peter F. King on Nov. 13, 2001.

- United States Letters Patent No. 6,321,092 ("the '092 patent"), entitled "Multiple Input Data Management for Wireless Location-based Applications," issued to inventors James Fitch, David L. Hose, and Michael McKnight on Nov. 20, 2001.

- United States Letters Patent No. 6,532,446 ("the '446 patent"), entitled "Server Based Speech Recognition User Interface for Wireless Devices," issued to inventor Peter F. King on Mar. 11, 2003.

- United States Letters Patent No. 6,647,260 ("the '260 patent"), entitled "Method and System Facilitating Web Based Provisioning of Two-Way Mobile Communications Devices," issued to inventors Steve Dusse, Peter F. King, Bruce V. Schwartz, and Bruce K. Martin, Jr. on November 11, 2003.

- United States Letters Patent No. 6,813,491 ("the '491 patent"), entitled "Method and Apparatus for Adapting Settings of Wireless Communication Devices in

Accordance with User Proximity," issued to inventor Aldan Martin McKinney on Nov. 2, 2004.

- United States Letters Patent No. 7,020,685 ("the '685 patent"), entitled "Method and Apparatus for Providing Internet Content to SMS-based Wireless Devices," issued to inventors David A. Chen and Piyush Patel on Mar. 28, 2006.

- United States Letters Patent No. 7,233,790 ("the '790 patent"), entitled "Device Capability based Discovery, Packaging and Provisioning of Content for Wireless Mobile Devices," issued to inventors Rikard M. Kjellberg, Sheng Liang, Tomas G. Lund, William Chan, Ramakrishna Chinta, and Xinbi Chen on Jun. 19, 2007.

- United States Letters Patent No. 7,299,033 ("the '033 patent"), entitled "Domain-based management of distribution of digital content from multiple suppliers to multiple wireless services subscribers," issued to inventors Rikard M. Kjellberg, Sheng Liang, Tomas G. Lund, and William Chan.

- United States Letters Patent No. 7,522,927 ("the '927 patent"), entitled "Interface for Wireless Location Information," issued to inventors James Fitch, David Hose, and Michael McKnight on Apr. 21, 2009.

Plaintiff alleges that the '594, '831, '092, '446, '260, '491, '685, '790, '033, and '927 patents (collectively, the Asserted Patents) cover inventions relating to wireless devices, management of wireless devices, management of messages and data for wireless devices, location services, and speech recognition.

## THE CLAIMS FOR PATENT INFRINGEMENT

Plaintiff asserts three bases for infringement of the Asserted Patents. First, Plaintiff alleges that Defendant directly infringes one or more claims of each of the Asserted Patents under 35 U.S.C. § 271. Second, Plaintiff alleges that Defendant indirectly infringes one or more claims of each of the Asserted Patents under 35 U.S.C. § 271(b). Third, Plaintiff alleges that Defendant indirectly infringes one or more claims of the Asserted Patents by contributory infringement under 35 U.S.C. § 271(c).

Plaintiff also alleges that Defendant's acts of direct, contributory and induced infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover compensatory damages sustained as a result of Defendant's wrongful acts. Plaintiff alleges that, unless enjoined by this Court, Defendant will continue to infringe the Asserted Patents, continuing to damage Plaintiff and causing irreparable harm.

Plaintiff further alleges that Defendant has known about each of the Asserted Patents. Plaintiff alleges that Defendant lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Plaintiff alleges that Defendant's infringement is therefore willful, and Plaintiff is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

Defendant denies all of Plaintiff's allegations.

## THE AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant asserts nine affirmative defenses and parallel counterclaims against Plaintiff. First, Defendant alleges that one or more claims of the Asserted Patents are invalid and unpatentable under 35 U.S.C. § 101 *et seq*. Second, Defendants alleges that it has not and does not infringe any valid and enforceable claim of the Asserted Patents, directly or indirectly, literally or under the doctrine of equivalents. Third, Defendant alleges that Plaintiff's claims for relief are barred in whole or in part by the equitable doctrines of laches, estoppel, and/or waiver. Fourth, Defendant alleges that Plaintiff's claim for damages is limited by 35 U.S.C. § 286. Fifth, Defendant alleges that, to the extent Plaintiff seeks damages for any infringement occurring prior to its giving actual notice of the alleged infringement of the Asserted Patents to Defendant, Plaintiff's claims are barred pursuant to 35 U.S.C. § 287. Sixth, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent Defendant has an express and/or implied license under one or more of the Asserted Patents and/or by the doctrine of patent exhaustion. Seventh, Defendant alleges that Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Eighth, Defendant alleges that the Complaint fails to state any claim against Defendant upon which relief can be granted. Ninth, Defendant alleges that four of the Asserted Patents—the '033, '790, '685, and '260 patents—are unenforceable because in each case individuals associated with prosecution of the patent committed inequitable conduct in its procurement.

**B.   Jurisdictional Bases for the Case**

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Defendant also alleges that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 2201, and 2202.

**C.   Parties Named in Complaint and Status of Service**

Apple Inc. is the only named defendant in the current action. Plaintiff has served Defendant with the complaint, and Defendant has answered. Further, Plaintiff has answered the counterclaims contained in Defendant's answer.

**D.   Prospect of Adding Additional Parties and Amending Pleadings**

At this time, Plaintiff and Defendant do not anticipate that additional parties will be added to the action or that the pleadings will be amended. The parties, however, have agreed that any motions to add parties or amend the pleading must be filed by September 1, 2013.

**E.   List of Contemplated Motions**

The parties contemplate summary judgment, *Daubert* and *in limine* motions upon the close of discovery, and expect that there may be motions to compel to resolve discovery disputes as well. The parties have agreed that any dispositive or *Daubert* motions must be filed within 45 days of the close of expert discovery. Further, the parties agree that any motions *in limine* are due 30 days before trial.

**F.   Pending Motions**

At this time, there are no pending motions before the Court.

**G.   Status of Related Cases**

At this time, there are no related cases pending before other courts or other judges of this Court. Plaintiff notes that it has sued Google in this judicial district on ten different patents in Case No. 3:12-cv-00504 LRH-VPC.

**H.   Supplemental Discussion of Necessary Discovery**

The parties anticipate that discovery will be voluminous in this case, entailing the production of several million pages of documents. Moreover, numerous witnesses will be

deposed, in Reno, the Bay Area, and across the country and possibly around the world. The parties are beginning to identify the location of those documents and witnesses.

The parties have agreed to certain discovery limitations and/or have competing proposals for discovery limitations, as outlined below:

### 1. Interrogatories

The parties agree to a maximum of 60 interrogatories per side, including contention interrogatories.

### 2. Depositions

*Plaintiff's Proposal*: Plaintiff proposes that each side is limited to a total of 165 hours of fact witness depositions, inclusive of Fed. R. Civ. P. 30(b)(6) depositions and exclusive of non-party fact witnesses and expert witnesses.

*Defendant's Proposal*: Defendant proposes that each side is limited to a total of 100 hours of fact witness depositions, inclusive of Fed. R. Civ. P. 30(b)(6) depositions and exclusive of non-party fact witnesses and expert witnesses.

*Joint Proposal*: The parties agree that, other than Fed. R. Civ. P. 30(b)(6) and expert witness depositions, each deposition of a fact witness is limited to a maximum of seven (7) hours unless extended by agreement of the parties. The length of time for Fed. R. Civ. P. 30(b)(6) witnesses may vary depending on the number of topics for which a witness is designated. No personal deposition of a Fed. R. Civ. P. 30(b)(6) designee may duplicate the Fed. R. Civ. P. 30(b)(6) topics for that designee. The parties further agree to identify all corporate representatives designated pursuant to Fed. R. Civ. P. 30(b)(6) at least five (5) business days prior to the deposition. The parties agree that this case is at a preliminary stage and reserve the right to seek modifications or amendments to this paragraph as discovery progresses.

### 3. Third-Party Subpoenas

Any party that serves a subpoena upon a third-party will simultaneously serve a copy of such subpoena upon all parties. Moreover, any party that receives documents and/or correspondence from a third-party pursuant to a subpoena will, as soon as possible, provide those documents and/or correspondence to each other party.

1    4.    Materials Relating to Expert Witnesses

2    The parties agree that draft expert reports and notes of experts are not discoverable or
3 admissible.  This agreement applies to all such items regardless of whether they are in paper or
4 electronic form.  This agreement does not apply to any information an expert relies upon in
5 forming his or her opinions.

6    5.    Protective Order

7    The parties are conferring in good faith to present to the Court a joint protective order and
8 expect to file one within the next two weeks.

9 **I.    Issues Relating to the Disclosure or Discovery of Electronically Stored Information**

10    The parties will produce electronically-stored information according to a modified
11 version of the Federal Circuit's Model Order Regarding E-Discovery In Patent Cases ("Model
12 Order").  The parties are currently meeting and conferring on the modifications and anticipate
13 filing the document within the next two weeks.

14 **J.    Issues Related to Claims of Privilege or Work Product**

15    The parties jointly agree that privileged documents created after the filing of the original
16 Complaint in this action may be withheld without being identified to a requesting party, unless
17 the requesting party makes a particular request for post-Complaint privileged documents, with
18 request may be complied to or objected to, subject to review by the Court if necessary.

19 **K.    Summary of Dates Proposed in the Parties' Joint Discovery Plan,
             Including Dates Specific to Patent Actions**
20
   A chart summarizing the dates proposed in the parties' Joint Discovery Plan (Dkt. # 33)
21
is attached as Exhibit A.  That document indicates that there is a SPECIAL SCHEDULING
22
REVIEW REQUESTED and the basis is the complexity of the case - 10 patents asserted by
23
Plaintiff to infringe and the non-infringement, invalidity and unenforceability defenses raised by
24
Defendant.
25
**L.    Both Parties Request a Jury Trial**
26
   Plaintiff requested a jury for all issues so triable.  (Dkt. #1.)  Similarly, Defendant
27
requested a jury for all counterclaim issues so triable.  (Dkt. #29.)  Neither request is contested.
28

**M.     Estimated Length of Trial**

The parties estimate that the trial for this case will last three – four (3-4) weeks.

**N.     Date of Trial**

IT IS FURTHER ORDERED THAT THE TRIAL IS SET FOR _____, 8:30 a.m., CALENDAR CALL IS SET FOR _____, 8:30 a.m. in Reno Courtroom 6 before the Honorable Chief Judge Robert C. Jones.

**O.     Prospects for Settlement**

At this time, the parties are not hopeful regarding the prospects of settlement. The parties, however, will meet and confer from time to time and in good faith as instructed by the Court and in accordance with the times outlined in attached Exhibit A.

**P.     Additional Matters**

    **a.     E-Mail Service**

The parties have agreed that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (e.g., filings under seal), will be served via e-mail, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). The parties have further agreed that each party may serve discovery, in lieu of other service methods, by e-mail under Fed. R. Civ. P. 5(b)(2)(E). The parties have further agreed that all service of written discovery and/or responses shall take place at or before 7:00 pm Pacific time. If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be sent via an FTP service or by overnight delivery. If service is by overnight delivery, the serving party must use a service having the ability to "track" deliveries and verify receipt.

    **b.     Page Limits for Claim Construction Briefs**

Opening claim construction briefs for all parties shall not exceed 125 pages, and responsive claim construction briefs for all parties shall not exceed 75 pages. The parties reserve the right, however, to propose that these page limitations be amended by the Court depending on the number of claims that remain at issue at the time of briefing. The parties reserve the right to meet and confer at a later time for the purpose of determining whether a *Markman* tutorial

-8-

hearing will be necessary in addition to the time the parties have allocated for the *Markman* hearing (two days).

### c. Dispositive Motions

Within 10 days after the completion of expert discovery, the parties will meet and confer and/or seek a telephonic status conference with the Court to determine any appropriate limit on the number and length of summary judgment motion(s).

### d. Pretrial Order

Pursuant to LR 26-1(e)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the pretrial order.

### e. Substantial Completion of Document Production

The parties agree that documents to be produced by the date specified for the substantial completion of document discovery (July 1, 2013) will be limited to those documents responsive to requests for production that are served by February 18, 2013.

Dated: January 24, 2013

    Respectfully submitted,

    WATSON ROUNDS

    /s/ Michael D. Rounds
Michael D. Rounds
Nevada State Bar No. 4734
mrounds@watsonrounds.com
Adam K. Yowell
Nevada State Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, Nevada 89511
Telephone: (775) 324-4100
Fax: (775) 333-8171

Theodore Stevenson III (*pro hac vice*)
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess (*pro hac vice*)
Texas State Bar NO. 24006927
kburgess@mckoolsmith.com
Pierre Hubert (*pro hac vice*)
Texas State Bar No. 24002317
phubert@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

***ATTORNEYS FOR PLAINTIFF UNWIRED PLANET LLC***

- and -

LEWIS AND ROCA LLP

  /s/ Jonathan W. Fountain
Jonathan W. Fountain
Nevada Bar No. 10351
JFountain@LRLaw.com
3993 Howard Hughes Pkwy.
Suite 600
Las Vegas, NV 89169-5996
Telephone:  (702) 949-8340
Facsimile:  (702) 949-8374

E. Leif Reid
Nevada Bar No. 5750
LReid@LRLaw.com
LEWIS AND ROCA LLP
50 West Liberty Street
Suite 410
Reno, NV 89501-1922

Josh Krevitt (*pro hac vice*)
GISON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035

|   |   |
|---|---|
| 1 | |
| 2 | H. Mark Lyon (*pro hac vice*) |
|   | Y. Ernest Hsin (*pro hac vice*) |
| 3 | GISON, DUNN & CRUTCHER LLP |
|   | 1881 Page Mill Road |
| 4 | Palo Alto, CA 94304-1211 |
|   | Telephone:  (650) 849-5300 |
| 5 | Facsimile:  (650) 849-5333 |
| 6 | ***ATTORNEYS FOR DEFENDANT APPLE INC.*** |

# EXHIBIT A

| EVENT | DEADLINE |
|---|---|
| Parties to serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | February 1, 2013 |
| Plaintiff to serve initial disclosure of asserted claims and infringement contentions pursuant to Local Rules 16.1-6 | February 15, 2013 |
| Plaintiff to serve documents accompanying initial disclosure of asserted claims and infringement contentions pursuant to Local Rules 16.1-7 | February 15, 2013 |
| Defendant to serve non-infringement, invalidity, and unenforceability contentions pursuant to Local Rules 16.1-8 | May 2, 2013 |
| Defendant to serve documents accompanying non-infringement, invalidity, and unenforceability contentions pursuant to Local Rules 16.1-9 | May 2, 2013 |
| Plaintiff to serve response to initial non-infringement, invalidity, and unenforceability contentions pursuant to Local Rule 16.1-10 | June 17, 2013 |
| Document production to be substantially completed by all parties | July 1, 2013 |
| Pre-Claim Construction Settlement Conference pursuant to Local Rule 16.1-19(a) | TBA by Court (parties proposed July 12, 2013) |
| Exchange of proposed terms for claim construction pursuant to Local Rule 16.1-13 | July 17, 2013 |
| Motions to amend pleadings or add parties due | September 1, 2013 |
| Parties to meet and confer regarding claim constructions and extrinsic evidence pursuant to Local Rule 16.1-13 | 20 days after exchanging proposed terms |
| Exchange of preliminary claim constructions and supporting intrinsic and extrinsic evidence pursuant to Local Rule 16.1-14 | 30 days after exchanging proposed terms |
| Interim Status Report pursuant to Local Rule 16.1-15 | 30 days before close of fact discovery |
| Parties file Joint Claim Construction and Prehearing Statement pursuant to Local Rule 16.1-15 | 15 days after exchanging claim constructions |
| Close of fact discovery, including third-party discovery | 60 days after entry of *Markman* Order |

| EVENT | DEADLINE |
|---|---|
| Opening claim construction briefs from all parties pursuant to Local Rule 16.1-16 | 45 days after filing of Joint Claim Construction and Prehearing Statement |
| Responsive claim construction briefs from all parties pursuant to Local Rule 16.1-16 | 30 days after serving Opening Claim Construction Briefs |
| Reply claim construction briefs pursuant to Local Rule 16.1-16 | N/A |
| *Markman* Hearing | TBA by Court (parties requested 2 days for hearing) |
| Post-Claim Construction Order Settlement Conference pursuant to Local Rule 16.1-19(b) | 30 days after entry of *Markman* Order |
| Opening expert reports on issues for which the serving party has the burden of proof | 75 days after entry of *Markman* Order |
| Rebuttal expert reports on issues for which the other party has the burden of proof | 45 days after serving opening expert reports |
| Completion of expert depositions | 45 days after serving rebuttal expert reports |
| Dispositive and *Daubert* motions due | 45 days after completing expert discovery |
| Motions *in limine* due | 30 days before trial |
| Oppositions to motions *in limine* due | 14 days after filing of a motion *in limine* |
| Joint Pretrial Order due | 30 days after Court's decision on dispositive motion(s) |
| Pre-trial Settlement Conference pursuant to Local Rule 16.1-19(c) | TBA by Court (parties proposed 30 days after Pre-Trial Order) |
| Calendar Call | TBA by Court |
| Trial | TBA by Court |

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Watson Rounds, and that on this date a true and correct copy of the foregoing document, **JOINT CASE MANAGEMENT REPORT**, will be served upon counsel of record via electronic mail through the United States District Court's CM/ECF system.

DATED January 24, 2013        /s/ Jeff Tillison
                                               An Employee of Watson Rounds