Case 3:12-cv-00505-RCJ-VPC Document 96 Filed 04/17/13 Page 1 of 4

☑ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

APR 1 7 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNWIRED PLANET LLC, a Nevada limited liability company,

Plaintiff,

v.

APPLE, INC., a California corporation,

Defendants.

3:12-cv-00505-RCJ-VPC

**ORDER**

April 17, 2013

The court held a case management conference in this case on March 11, 2013 (#73). One of the disputes between plaintiff, Unwired Planet ("UP"), and defendant, Apple, Inc. ("Apple") concerns whether UP should be required to limit the number of claims it is asserting at this stage in the litigation (#72). UP has asserted ten patents against Apple, and on February 19, 2013, UP served its initial disclosures pursuant to LR 16.1-6 and indicated that it intends to pursue 247 claims against Apple in the case.

According to Apple, "247 claims amounts to roughly 80% of the total number of claims contained in the ten patents, and an average of nearly twenty-five claims per patent," and "[f]or certain of the patents, [UP] has in fact asserted all or nearly all of the claims contained in the patent." *Id.* at 16. It appears to Apple that UP has made no effort to limit the scope of the case, contrary to the goal of the local patent rules, which require the parties to set forth their positions and to narrow the scope of the case in an organized manner. Apple is concerned that if the claims are not narrowed, the case will be unmanageable, and it will unfairly burden Apple.

Apple also points to the parties' prior litigation history in 2011 at the International Trade Commission in *In re the Matter of Certain Devices for Mobil Data Communication*, Inv. No. 337-TA-809 (October 2011) (#78, Transcript of March 11, 2013, hearing ("Tr.") at 39). According to Apple, UP accuses the same products here as in the ITC case: the iPhone, the iPad, and the iPod Touch. Tr. at 39. As a result, UP knows how these products work, what they do, and should have an adequate understanding of its case to narrow the 247 claims. Tr. at 39.

Apple proposes the parties agree to a phased schedule for the limitations of claims, which would require UP to reduce the number of asserted claims to fifty or sixty claims within thirty days (#72 at 19). Apple would then have seventy-five days to serve its non-infringement and invalidity contentions. *Id.* Thereafter, the parties would meet and confer to establish "reasonable further limits to the asserted claims prior to claim construction briefing and, ultimately, trial." *Id.*

UP's view is that this case is in its early stages and to require UP to reduce the number of asserted claims is premature and prejudicial. *Id.* at 20. UP also contends that it would violate its due process rights to be required to reduce its claims at this early juncture in the case and that it cannot assess whether invalidity or infringement present unique issues because Apple has not produced its documents or served its contentions. *Id.* at 21. UP believes it is unfair to limit the claims it can assert before substantive discovery has occurred and before any invalidity analysis has been done (Tr. at 44). The parties have many months before the close of discovery, and Apple's request will require UP to "reduce its claims blind." Tr. at 46. Like Apple, UP agrees that it will be necessary to reduce the number of claims based on a review of discovery and invalidity contentions, and then by selecting the proper asserted claims to go forward with at trial. Tr. at 46. UP is committed to managing its case efficiently, but believes Apple's request so early in the case is unwarranted and extraordinary. Tr. at 47.

Apple asserts that it is not asking the court to limit UP now to only those claims it will have at trial and concedes this would be an unreasonable position. Tr. at 41-42. Like any other patent plaintiff, UP could make a showing of good cause and seek to add more claims later on, even after it had reduced its claims at this stage in the case. Tr. at 41. Apple asks the court to limit UP to fifty

1  or sixty claims now to insure the case is manageable. Tr. at 42.

2  UP proposes that "Apple address in its invalidity contention the 48 independent claims in the
3  10 asserted patents; that Unwired Planet then identify 60 claims two months thereafter; and that
4  Apple provide invalidity contentions with respect to any 'new' claims among the 60 claims a month
5  after that" (#72 at 18).

6  Apple disagrees with UP's proposal for two reasons. If UP waits to identify its sixty claims
7  until after Apple provides its invalidity contentions, Apple will be forced to account for all 247
8  claims in its invalidity contentions and its current prior art searching, since Apple will not know
9  which claims UP intends to assert. *Id.* If Apple were to prepare invalidity charts to establish that
10 all forty-eight independent claims were likely invalid, UP would be able to choose sixty newly
11 asserted claims. *Id.* at 19. This would mean that the parties would start over, and Apple asserts that
12 this would permit UP to assert 108 claims while previewing Apple's invalidity case to shape UP's
13 infringement contentions. *Id.* Second, Apple is concerned that it will be required to abandon
14 meritorious defenses by limiting its prior art references – particularly to the degree UP proposes –
15 three references per claim. *Id.*

16 Apple suggests that the parties be ordered to meet and confer at other milestones in the case
17 – before claim construction and before trial – to further limit the case even lower than fifty or sixty
18 claims (Tr. at 42).

19 The court has reviewed the parties' joint case management report (#72) and the transcript of
20 the March 11, 2013, case management hearing (#78). The court recognizes it must balance UP's
21 fundamental patent rights and the court's need to assist in expediting the case and managing its
22 docket. This court would have preferred that the parties reach agreement on this issue, but because
23 they cannot, the court must intervene, and it has discretion to do so. The fact that the parties have
24 recently engaged in litigation over the products at issue here weighs in favor of limiting UP's
25 representative claims.  Therefore, at this stage in the case, the court finds that UP shall be limited
26 to a reasonable number of representative claims, and the court orders that UP shall limit its asserted
27 claims to no more than seventy (70). The parties shall meet and confer and, consistent with this

order and the court's April 11, 2013 order (#94), shall submit an amended scheduling order that incorporates these rulings.

**IT IS SO ORDERED.**

April 17, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

4