Theodore Stevenson III (admitted *pro hac vice*)
tstevenson@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Ste. 1500, Dallas, TX 75201
Tel.: 214.978.4000; Fax: 214.978.4044

Kevin Burgess (admitted *pro hac vice*)
kburgess@mckoolsmith.com
Pierre Hubert (admitted *pro hac vice*)
phubert@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Ste. 1700, Austin, TX 78701
Tel.: 512.692.8700; Fax: 512.692.8744

Michael D. Rounds (Nevada Bar No. 4734)
mrounds@watsonrounds.com
Adam K. Yowell (Nevada Bar No. 11748)
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Ln., Reno, NV 89511-2083
Tel.: 775.324.4100; Fax: 775.333.8171

*Attorneys for Plaintiff*

Jonathan W. Fountain (NV Bar No. 10351)
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy, Ste. 600
Las Vegas, NV 89169-5996
Tel.: 702.949.8340; Fax: 702.949.8374

E. Leif Reid (NV Bar No. 5750)
LReid@LRLaw.com
LEWIS AND ROCA LLP
50 West Liberty St., Ste. 410, Reno, NV 89501-1922
Tel.: 775.321.3415; Fax: 775.823.2929

Josh Krevitt (admitted *pro hac vice*)
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave., New York, NY 10166-0193
Tel.: 212.351.4000; Fax: 212.351.4035

H. Mark Lyon (admitted *pro hac vice*)
mlyon@gibsondunn.com
Y. Ernest Hsin (admitted *pro hac vice*)
ehsin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Rd., Palo Alto, CA 94304-1211
Tel.: 650.849.5300; Fax: 650.849.5333

*Attorneys for Defendant Apple Inc.*

FILED _____   _____ RECEIVED
_____ ENTERED   _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN - 3 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNWIRED PLANET LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 3:12-cv-00505-RCJ-VPC |

## STIPULATED [PROPOSED] PROTECTIVE ORDER
### REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff Unwired Planet LLC ("Plaintiff") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order"). This Protective Order incorporates the rulings reflected in the Court's April 11, 2013 Order (Dkt. No. 93).

1.   **PURPOSES AND LIMITATIONS**

(a)   Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.     **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, (iii) and vendors (e.g. copy and reproduction services, court reporters, e-discovery vendors, etc. working at the direction of Outside Counsel or his/her staff).

(c)     "Patents-in-suit" means U.S. Patent Nos. 6,321,092; 7,522,927; 7,020,685; 6,532,446; 6,317,594; 7,299,033; 7,233,790; 6,317,831; 6,813,491; and 6,647,260, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals, including without limitation U.S. Patent No. RE43,113.

3

(d)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY" (or equivalently, "CONFIDENTIAL OUTSIDE COUNSEL ONLY"), or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" (or equivalently, "RESTRICTED CONFIDENTIAL SOURCE CODE") as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions and or instructions. Source code includes, without limitation, computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms  or structure of software. Source code documents at least include (1) printed documents that contain or refer to selected source code components ("printed source code"); (2) electronic communications and descriptive documents, such as emails, design documents and programming examples, which contain or refer to selected source code components ("described source code"); (3) electronic source code documents that reside in a source code repository from

4

which software and related data files may be compiled, assembled, linked, executed, debugged and/or tested ("source code files"); (4) transcripts, reports, video, audio, or other media that include, quote, cite, describe, or otherwise refer to source code, source code files, and/or the development thereof; and (5) all notes (in any form) taken by the receiving party's experts or consultants during review of the Source Code.  Source Code files include, but are not limited to documents containing source code in "C", "C++", Objective C, Java, Java scripting languages, assembler languages, command languages and shell languages. Source code files may further include "header files," "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.

3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.    **SCOPE**

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this

Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

(e)     The Parties recognize that non-parties may be called upon to produce Discovery Material, including Source Code, during the course of this case.  In such a case, the non-party is considered a Producing Party, protected under this Order as though a signatory to it.

5.     **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person on behalf of the Plaintiff or Defendant who receives one or more items

6

designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of mobile applications relating to the technology disclosed in any of the patents-in-suit (generally or as described in any patent-in-suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of mobile applications.  Nothing in these provisions is intended to preclude counsel from participating in activities relating to settlement of litigations.  These prohibitions are not intended to and shall not preclude counsel from participating in reexamination or reissue proceedings on behalf of a Party challenging or defending the validity of any patent, but are intended, inter alia, to preclude patentee's counsel from participating in the drafting of any claim amendments in reexamination or reissue proceedings.  These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)     Secure Storage. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d)     Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.     **DESIGNATING PROTECTED MATERIAL**

(a)     Available Designations. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" or other designations provided *supra* under the definition "Protected Material". In the event a document, image or file contains several designations, the  most recent designation assigned and associated with the Bates numbers of this action controls.

(b)      <u>Written Discovery and Documents and Tangible Things</u>.      Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)      <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. If it is determined that the image format version of a document produced in native file format has been

9

substantively modified by the Receiving Party (regardless of whether such modification was inadvertent), such substantively modified document and any testimony relating to the modified document shall not be used for purposes of trial, deposition, or any expert report or court filing.

(d)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written

stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material, other than the deponent, deponent's counsel, the reporter and videographer (if any). Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)   The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

11

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

12

9.  **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –
ATTORNEYS' EYES ONLY"**

(a)  A Producing Party may designate Discovery Material as
"CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL OUTSIDE
COUNSEL ONLY" if it contains or reflects information that is extremely confidential and/or
sensitive in nature and the Producing Party reasonably believes that the disclosure of such
Discovery Material is likely to cause economic harm or significant competitive disadvantage to
the Producing Party.  The Parties agree that the following information, if non-public, shall be
presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade
secrets, pricing information, financial data, sales information, sales or marketing forecasts or
plans, business plans, sales or marketing strategy, product development information, engineering
documents, testing documents, employee information, and other non-public information of
similar competitive and business sensitivity.

(b)  Unless otherwise ordered by the Court, Discovery Material designated as
"CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL OUTSIDE
COUNSEL ONLY" may be disclosed only to:

(i)  The Receiving Party's Outside Counsel, provided that such
Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v.
United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a
Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical
litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)  Any outside expert or consultant retained by the Receiving Party to
assist in this action, provided that disclosure is only to the extent necessary to perform such
work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions

13

of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

        (iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

        (iv)    The Court, jury, and court personnel;

        (v)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

        (vi)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

        (vii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

        (viii)    Any other person with the prior written consent of the Producing Party.

14

10.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" or "RESTRICTED CONFIDENTIAL SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)   Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)   The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   No more than ten (10) outside experts or consultants retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a

15

Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)    The Court, jury, and court personnel;

(v)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)    Any other person with the prior written consent of the Producing Party.

11.    **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)    Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Los Angeles office of its outside counsel, McKool Smith Hennigan, PC, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Apple Inc. will be made available for inspection at the Palo Alto, California office of its outside counsel, Gibson, Dunn & Crutcher LLP, or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 8 a.m. and 7 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.  Notice

shall be provided to Ernie Hsin (EHsin@gibsondunn.com), Brooke Wallace (BWallace@gibsondunn.com) and Ryan Iwahashi (riwahashi@gibsondunn.com), in the case of Source Code produced by Apple Inc., and to John Campbell (jcampbell@mckoolsmith.com), Pierre Hubert (phubert@mckoolsmith.com) and Kevin Burgess (kburgess@mckoolsmith.com), in the case of Source Code produced by Plaintiff.

(b)     The parties will provide source code as required under the Local Patent Rules including Nevada Local Rule 16.1-9(a) on the schedule set forth by the Court's scheduling order. Thereafter, the Receiving Party may review such code upon two days' notice.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Source Code Computer provided by the Producing Party shall run a reasonably current version of a mutually agreed upon operating system such as Apple OS X, Microsoft Windows, Linux or SunOS.  Source Code must be produced as it is stored in the ordinary course of business.  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform

17

produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. Notwithstanding this provision, the Producing Party shall provide in the Source Code Review Room a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port) for the sole purpose of taking notes from the source code review.

(iii)    The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself. Furthermore, the parties recognize that the source code review notes may be reflected in expert reports, court filings, and drafts thereof.  All notes taken by the Receiving Party's Outside Counsel and/or experts shall be treated and designated as "CONFIDENTIAL – OUTSIDE

18

ATTORNEYS' EYES ONLY - SOURCE CODE" or "RESTRICTED CONFIDENTIAL SOURCE CODE."

(iv)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way. Such monitor shall not be in the Source Code Review Room, shall not be able to listen to any activity taking place in the Source Code Review Room, nor may any video be taken of any activity taking place in the Source Code Review Room. Any monitor is not permitted to report on any activities taking place therein other than as may relate to the above-reference purpose of the monitoring.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Any printed portion that consists of more than thirty (30) pages of a continuous block of Source Code or 250 pages in total shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing

19

portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).   Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.   The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party. Within three (3) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.   If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the parties shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.   The burden shall be on the Receiving Party to demonstrate that such printed portions are reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. While any objections to the printed Source Code are pending, the Producing Party shall make available the printed Source Code for inspection in the Source Code Review Room.   If the Court overrules the Producing Party's objection to the printed Source Code, the Producing Party shall provide copies of the printed Source Code to the Receiving Party's outside counsel within twenty-four (24) hours of the Court's ruling. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)   All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.   Such identification shall be in addition to any other

20

disclosure required under this Order. All persons viewing Source Code in the Source Code Review Room shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.

(vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(viii)    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. Notwithstanding the foregoing, notes and analysis from the Source Code (not the Source Code itself) may be included in documents, expert reports, court filings, and drafts of the same stored electronically. The Receiving Party will not transmit any Source

Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)    The Receiving Party's Outside Counsel of record may make no more than five (5) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)    The Receiving Party's Outside Counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No more than a total of twenty (20) individuals identified by the Receiving Party shall have access to the printed portions of Apple Source Code (except insofar as such code appears in any court filing or expert report).

(xi)    For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall request in writing that the Producing Party provide a copy of the Source Code Review Computer and high-speed laser printer at the deposition. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Each party may keep one paper copy of the Source Code printed at the deposition. All other

22

Case 3:12-cv-00505-RCJ-VPC   Document 117   Filed 05/29/13   Page 23 of 36

paper copies of Source Code printed at the deposition shall remain with the Producing Party's Outside Counsel for secure destruction in a timely manner following the deposition.

(xii)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).   Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.   If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.   If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.   Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and

Case 3:12-cv-00505-RCJ-VPC  Document 117  Filed 05/29/13  Page 24 of 36

manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

12.  **NOTICE OF DISCLOSURE**

(a)  Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial, all companies for which the individual has provided consulting services (either directly or through a consulting firm), and all companies by which the individual has been employed, within the last five (5) years.  Said written notice shall include an identification of any individual or entity with or for whom the person is or was employed or to whom the person provides or provided consulting services relating to the design, development, operation, or patenting of mobile applications, or relating to the acquisition of intellectual property assets relating to mobile applications.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of this action, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or

patenting of mobile applications, or the acquisition of intellectual property assets relating to mobile applications.

(b)     Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period. If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person

25

Case 3:12-cv-00505-RCJ-VPC  Document 117  Filed 05/29/13  Page 26 of 36

within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.    **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15.    **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)    Any Party is authorized under Nevada Local Rule 10-5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

(c)    <u>Non-Dispositive Motions</u>. A party's or a non-party's good faith designation of Disclosure or Discovery Material as Protected Material under this Order shall constitute "good cause" for protecting such materials from public disclosure. *See Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("when a district court grants a protective order to seal documents during discovery, 'it has already determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'") (citation omitted). Accordingly, a party or non-party may file Protected Material with the Court under seal in connection with the filing of a non-dispositive motion without filing a separate motion for permission to file such materials under seal. In accordance with District of Nevada Local Rule 10-5, as it pertains to the filing of papers "under seal pursuant to prior court order," any Protected Material so filed shall state directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED [Date of this Order]."

(d)    <u>Dispositive Motions</u>. A Party who seeks to file Protected Material with the Court in connection with the filing of a dispositive motion shall (contemporaneously with the filing of its dispositive motion) file a separate motion seeking an Order permitting the filing of such Protected Material under seal. The motion to permit the filing of such Protected Material under seal shall be accompanied by a memorandum of points and authorities that identifies compelling reasons for nondisclosure that are sufficient to overcome the strong presumption of

28

public access to information in a court proceeding. *See Kamakana*, 447 F.3d at 1180 ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy.").

      (e)    <u>Protected Material in Court Documents</u>. If a party or a non-party files a document containing Protected Material under seal (such as a motion, a memorandum of points and authorities, a declaration, etc.), the party or non-party filing the document shall, in addition to filing an unredacted version of the document under seal, file a public version of the document from which all Protected Material has been redacted no later than five (3) days after the original filing.

16.    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

      (a)    The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

      (b)    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

      (c)    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced

29

Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

17.    **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding    the    above,    a    subsequent    designation    of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" "CONFIDENTIAL OUTSIDE COUNSEL ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.     **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

20.     **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(a)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports

developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

(e)     Nothing in this Protective Order, including Paragraphs 20(a)–(c), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

21.     **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the

33

Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction.   The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.   The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors.   This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof.   Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

34

(f)     <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the District of Nevada is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Nevada.

(g)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, or the Court's own orders.

(h)     No party shall be required to identify on their respective privilege log any document or communication relating to this litigation dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

**SO ORDERED.**

Dated: June 3, 2013

_____
**UNITED STATES MAGISTRATE JUDGE**

35

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Unwired Planet LLC v. Apple LLC, United States District Court, District of Nevada, Civil Division, Civil Action No. 3:12-CV-00505-RCJ-VPC. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
Signature